COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, ss. | SUPERIOR COURT<br>CIVIL ACTION NO. |

JOHN DOE1 and JANE DOE1, on behalf of their minor child B.G., and JOHN DOE2 AND JANE DOE2, on behalf of their minor minor child, A.R.,

Plaintiffs,

v.

BOSTON PUBLIC SCHOOLS, CITY OF BOSTON, TOMMY CHANG, Ed.D AS SUPERINTENDENT OF BOSTON PUBLIC SCHOOLS, MARTIN WALSH, AS MAYOR OF BOSTON, and AYLA GAVINS,

Defendants.



## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

### INTRODUCTION

Plaintiffs, John Doe1 ("Mr.Doe1") and Jane Doe1 (Ms. Doe1"), on behalf of their minor child, B.G. and John Doe2 ("Mr. Doe2") and Jane Doe2 ("Ms. Doe2"), on behalf of their minor child, A.R. (collectively, "plaintiffs") bring this action to recover for injuries they suffered as a result of the actions and failures to act on the part of the defendants Boston Public Schools, City of Boston, Thomas Chang, Martin Walsh and Ayla Gavins (collectively, "defendants").

### PARTIES AND JURISDICTION

1. The plaintiffs, B.G. and her parents, Mr. Doe1 and Ms. Doe1, reside in Boston, Suffolk County, Massachusetts.

2. The plaintiffs, A.R. and her parents, Mr. Doe2 and Ms. Doe2, reside in West Roxbury, Suffolk County, Massachusetts.

3. The defendant Boston Public Schools is located in Boston, Suffolk County, Massachusetts.

4. The defendant City of Boston, is a municipal corporation located in Boston, Suffolk County, Massachusetts and oversees the operation of the Boston Public Schools.

5. The defendant, Tommy Chang, Ed.D., ("Dr. Chang") was and remains Superintendent of the Boston Public Schools in Boston, Massachusetts during all or a portion of the period pertinent to this Complaint. He is sued in both his individual and official capacities.

6. Defendant, Martin Walsh, was at all relevant times the mayor of Boston. He is sued in both his individual and official capacities.

7. Ayla Gavins ("Ms. Gavins") was at all relevant times the principal of the Mission Hill K-8 School ("Mission Hill"). She is sued in both her individual and official capacities.

## FACTS

8. The Boston School District ("District") is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools.

9. During all or a portion of the period pertinent to this Complaint, the individual municipal defendants were employed by Boston, and/or the School Committee, and were acting within the scope of their authority as employees of Boston and the School Committee.

10. During all or a portion of the period pertinent to this Complaint, one or more of the individual municipal defendants had final authority to formulate policy in their areas of responsibility.

11. Mission Hill was at all relevant times a Boston Public Schools school.

12. During the relevant period, B.G. was a minor student attending Mission Hill.

13. During the relevant period, A.R. was a minor student attending Mission Hill.

14. Upon information and belief, prior to and during the 2014-2015 a Mission Hill student (hereafter referred to as "A.J.") sexually and physically assaulted students at Mission Hill.

15. The defendants had actual knowledge of these assaults.

16. During the 2014-2015 school year and thereafter, B.G. was sexually assaulted by A.J.

17. During the 2015-2016 school year and thereafter, A.R. was sexually and physically assaulted by A.J.

18. The defendants' actions and failures to act caused serious physical and emotional injury to the plaintiffs.

## COUNT I
### (Violation of 42 U.S.C. § 1983)
### (Against Gavins)

19. The plaintiffs reallege paragraphs 1 through 18, above and incorporate them herein by reference.

20. Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the District, having been clothed with both actual and apparent authority by the governing body, the School Committee and/or Boston.

21. The defendants acted with deliberate indifference or gross negligence in failing to supervise A.J., ignoring A.J.'s history and prior assaults.

22. B.G. and A.R. have been deprived by the defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into her bodily integrity and to receive a public education.

23. As a direct and proximate result of such deprivation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT II
### (Violation of 42 U.S.C. § 1983)
### (Against the City of Boston, the Boston Schools, and Defendants Chang, Walsh and Gavins in Their Official Capacities)

24. The plaintiffs reallege paragraphs 1 through 23, above and incorporate them herein by reference.

25. The defendants were deliberately indifferent to or tacitly authorized the wrongful conduct described above, and were deliberately indifferent to or tacitly authorized the wrongful conduct by ignoring the previous assaults by A.J. and failing to prevent further sexual assault.

26. The defendants' failure to supervise adequately A.J. caused B.G. and A.R. to be subject to the injuries described above.

27. The defendants' failure to train adequately their employees in appropriate supervision caused B.G. and A.R. to be subject to the injuries described above.

28. The actions and inactions of the defendants were part of a custom or policy that caused B.G. and A.R. to be subject to the injuries described above.

29. As a consequence of such custom or policy, B.G. and A.R. have been deprived by the defendants, under color of law, of the rights, privileges and immunities secured by the

Constitution and laws of the United States, including the right to be free from intrusions into her bodily integrity and to receive a public education.

30. As a direct and proximate result of such deprivation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT III
### (Violation of Massachusetts Civil Rights Act)
### (Against All Defendants in Their Official Capacities)

31. The plaintiffs reallege paragraphs 1 through 30, above and incorporate them herein by reference.

32. Defendants, in violation of the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12 § 11(I), interfered or attempted to interfere by threats, intimidation and coercion with the plaintiffs' exercise and enjoyment of rights secured under the Constitution and laws of the Commonwealth of Massachusetts and the United States.

33. As a direct and proximate result of such deprivation, the plaintiffs suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT IV
### (Violation of Title IX, 20 U.S.C. § 1681)
### (Against All Defendants in Their Official Capacities)

34. The plaintiffs reallege paragraphs 1 through 33, above and incorporate them herein by reference.

35. Defendants in their official capacities, in violation of Title IX, 20 U.S.C. § 1681, remained deliberately indifferent to the assault of B.G. and A.R. of which they had actual knowledge.

36. As a direct and proximate result of such violation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of bodily integrity.

### RELIEF REQUESTED

WHEREFORE, the plaintiffs claim judgment against the defendants and each of them, jointly and severally as follows:

    A.    Compensatory damages in an amount warranted by the evidence at trial;

    B.    Punitive damages in an amount warranted by the evidence at trial;

    C.    Reasonable attorney fees and the costs incurred in this action;

    D.    Such other relief as permitted by statute and as this court shall consider to be fair and equitable.

### JURY DEMAND

The plaintiffs hereby demand a jury on all claims and issues so triable.

Respectfully submitted,

Plaintiffs, JOHN DOE1, JANE DOE1, B.G., JOHN DOE2, JANE DOE2, and A.R.
By their Attorneys,

*/s/ Daniel T. S. Heffernan*

Daniel T. S. Heffernan, BBO #550794
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
(617) 367-2988 [facsimile]

DATED: June 15, 2017