UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11653-ADB

**John Doe1 and Jane Doe1 on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R.**

      **Plaintiffs,**

      **V.**

**City of Boston, Boston Public Schools, Tommy Chang as Superintendent of Boston Public Schools, Martin J. Walsh as Mayor of Boston, and Ayla Gavins**

      **Defendants.**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, MAYOR MARTIN J. WALSH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I. **INTRODUCTION**

Defendant, Mayor Martin J. Walsh (hereinafter "Mayor Walsh") respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's Complaint against him in its entirety for failure to state a claim upon which relief can be granted. More specifically, Defendant moves to dismiss Count II – 42 U.S.C. §1983, Count III – Massachusetts Civil Rights Act, and Count IV – 20 U.S.C. §1681.

All of the Plaintiffs' claims are legally and factually deficient. In support of this Motion, the Defendant submits that Plaintiffs' Complaint must be dismissed because Plaintiffs' claims advanced pursuant to 42 U.S.C. § 1983, 20 U.S.C. §1681 and state law claims are either not

viable or insufficiently pled as they merely set forth conclusory allegations without any factual support.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally commenced this action in Suffolk Superior Court on June 15, 2017. Plaintiff's Complaint alleges various constitutional and state law claims against the City of Boston and Boston Public Schools, as well as Superintendent Thomas Cheng, Mayor Martin J. Walsh and Principal Ayla Gavins. Plaintiffs' Complaint is devoid of any specific facts against any of the individual Defendants and/or against the City of Boston/Boston Public Schools. The alleged misconduct was done by a third party (also a minor). The Defendants, City of Boston, properly removed the case to the United States District Court for the District of Massachusetts on September 1, 2017.

For the limited purposes of the instant motion, the City incorporates the facts as alleged in the Complaint. The Defendant adds the undisputed fact that all of the minors involved in this lawsuit were four years old during the 2014-2015 academic year (Kindergarten 1) and five years old during the 2015-2016 academic year (Kindergarten 2).

## III.   STANDARD OF REVIEW

### A.  Fed. R. Civ. P. 12(b)(6) Standard In Light Of *Ashcroft v. Iqbal*

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard set forth in Fed. R. Civ. P. 8

does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical

framework, the Plaintiff has failed to plead facts that suggest any actionable claims against the City.

## IV. ARGUMENT

### a. Any §1983 Claim Against Mayor Walsh In His Official Capacity Must be Dismissed Because An Official Is Not A "Person" Under §1983

Count II of the Complaint alleges a 42 U.S.C. §1983 violation against Defendant Walsh in his official capacity. However, any claim against Walsh in his official capacity as Mayor of the City of Boston fails as a matter of law because officials acting in their official capacity are not considered "persons" under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Any claim against an official in his official capacity amounts only to a claim against the official's office. See Brandon v. Holt, 469 U.S. 464, 471 (1985). Thus, Count II of the Plaintiffs' Complaint must be dismissed because any such claim amounts only to a claim against the City[1].

### b. Plaintiffs' Have Failed to Articulate a 42 U.S.C. §1983 Supervisory Liability Claim Against Mayor Walsh

Count II of Plaintiff's Complaint attempts to make out a supervisory liability claim against Defendant Mayor Walsh. In order for supervisory liability to attach, "(1) the behavior of subordinates results in constitutional violations, and (2) the [supervisor's] action or inaction was 'affirmatively linked to that behavior in that it could be characterized as 'supervisory encouragement, condonation or acquiescence' or 'gross negligence amounting to deliberate indifference" Saldivar v. Racine, 818 F.3d 14 (2016); Seekam v. Michaud, 109 F.3d 802, 808 (1st Cir. 1997). First, it is unclear what specific constitutional violation the Plaintiffs' are alleging, but for the sake of argument, Defendant Mayor Walsh assumes that there is an underlying constitutional violation.

---

[1] The City of Boston and Boston Public Schools have also filed a Motion to Dismiss.

Section 1983 is a vehicle for asserting rights conferred by the United States Constitution against state officers. Graham v. Connor, 490 U.S. 386, 393-94 (1989). To state a supervisory liability claim under Section 1983, a plaintiff must plausibly plead that 1) the supervisor's conduct denied plaintiff's constitutional rights while 2) acting "under color of state law." Soto v. Flores, 103 F.3d 1056, 1056 (1st. Cir. 1997). The crux of the issue is whether Plaintiffs' have sufficiently pled that Mayor Walsh's supervisory conduct violated their substantive due process rights. They have not.

A supervisor cannot be held vicariously liable under section 1983 on a *respondeat superior* theory. See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). Rather, a supervisor is liable for the subordinate's actions only if the subordinate's behavior led to a constitutional violation and "if the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." Estate of Bennett v. Wainwright, 548 F.3d 155, 176-77 (1st. Cir. 2008).

### 1. There Has Been No Constitutional Violation

Here, as an initial matter, there can be no supervisory liability because there has been no constitutional violation. The Plaintiffs' describe Defendant Mayor Walsh's conduct as "deliberately indifferent" and as having "tacitly authorized the wrongful conduct", but they fail to identify a) what specific conduct Mayor Walsh did or didn't do that "tacitly authorized the wrongful conduct" and b) how the conduct by either Mayor Walsh, or his subordinates, was "deliberately indifferent". In fact there is absolutely no evidence to suggest that Mayor Walsh was even aware of the issues that give rise to this case. The simple answer as to why the Complaint is void of these specific facts, is that they do not exist against any of the Defendants.

The Supreme Court has found that the substantive due process clause is not violated by a public employee's deliberate or reckless disregard for life. *See* County of Sacramento v. Lewis, 523 U.S. 833, 833 (1998). This is because "the due process guarantee does not entail a body of constitutional law imposing liability whenever someone cloaked with state authority causes harm." Id. at 848. The Fourteenth Amendment is not a "font of tort law to be superimposed upon whatever systems may already be administered by the States," Paul v. Davis, 424 U.S. 693, 701 (1976), and "[o]ur Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." Daniels v. Williams, 474 U.S. at 332. To that end, "negligently inflicted harm is categorically beneath the threshold of constitutional due process." Id. Instead, only conduct that "shocks the conscience," i.e., conduct that is intended to injure in some way, is likely to implicate the Fourteenth Amendment. Id. at 331 ("Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty or property" (emphasis in original)). Examples of historical violations include the intentional framing of innocent citizens for serious crimes they did not commit, *see* Limone v. Condon, 372 F.3d 39, 44-45 (1st. Cir. 2004), and cases involving "extreme or intrusive physical contact," like pumping a criminal suspect's stomach against his will. Souza v. Pina, 53 F.3d 423, 427 (1st. Cir. 1995).

Here, there are no allegations whatsoever that either Mayor Walsh or his subordinates conduct was intentional or deliberately indifferent. Rather, the conduct described in Plaintiff's complaint amounts to negligence *at best*. The Supreme Court has rejected the notion that negligent conduct can serve as the basis for a substantive due process violation, *see* Lewis, 523 U.S. at 849, and culpability in this "middle range…is a matter for closer calls." Id. The

determination as to whether deliberately indifferent conduct rises to the level of "conscience shocking" is context specific.  *See* Id.  *See also* Rivera v. Rhode Island, 402 F.3d 27, 36 (1st. Cir. 2005) ("In situations where actors have an opportunity to reflect and make reasoned and rational decisions, deliberately indifferent conduct may suffice to shock the conscience").  However, the burden for demonstrating conduct that "shocks the conscience" is "extremely high, requiring 'stunning' evidence of 'arbitrariness and caprice' that extends beyond '[m]ere violations of state law, even violations resulting from bad faith' to 'something more egregious and more extreme.'" J.R. v. Gloria, 593 F.3d 73, 80 (1st. Cir. 2010) (*quoting* DePoutot v. Raffaelly, 424 F.3d 112, 119 (1st. Cir. 2005)).  Although the Plaintiffs' contend that the school ignored previous assaults by A.D. and/or failed to prevent further sexual assaults, that is simply untrue.  The school took several steps to protect its students, including filing 51A's with the Department of Children and Families, moving A.D. to a different classroom and attempting to engage A.D.'s family.  Neither of the Plaintiffs' interacted with A.D. after they brought their allegations to the schools attention.  But most importantly, as this claim relates to this Defendant, there are no facts to support the notion that he knew about this situation.

### 2. Even If A Constitutional Violation Had Occurred, Mayor Walsh's Conduct Was Not Deliberately Indifferent To Plaintiffs' Rights.

Even if a constitutional violation had occurred, liability nonetheless cannot be imputed to Walsh because he was not "deliberately indifferent" to either of the Plaintiffs' rights.  As set forth above, as there is no *respondeat superior* in section 1983 claims, supervisory liability typically arises in one of two ways:  either the supervisor may be a "primary violator or direct participant in the rights-violating incident," or liability may attach "if a responsible official supervises, trains, or hires a subordinate with deliberate indifference toward the possibility that

7

deficient performance of the task eventually may contribute to a civil rights deprivation." Camilo-Robles v. Zapata, 175 F.3d 41, 44 (1st. Cir. 1999) (emphasis added). Neither of these scenarios is present in this case.

Here, Plaintiffs' desperately attempt to create a situation of deliberate indifference without providing any facts to support their claim. To establish that a supervisory defendant acted with "deliberate indifference," a plaintiff must show 1) a grave risk of harm; 2) the supervisory defendant's actual or constructive knowledge of that risk; 3) that the supervisory defendant failed to take easily available measures to address the risk; and 4) an "affirmative link" between the supervisory defendant's deliberate indifference and the resulting violation committed by their subordinates. *See* Figueroa-Torres v. Toledo-Davila, 232 F.3d 270, 270 (1st. Cir. 2000).

Turning to the first and second prongs, "it is axiomatic that, prior to characterizing behavior as being "deliberately indifferent, there must first be a problem." Lipsett, 864 F.2d at 902 ("One cannot make a 'deliberate' or 'conscious' choice to act or not to act unless confronted with a problem that requires the taking of affirmative steps"). Thus, the test for deliberate indifference is whether "it would be manifest to any reasonable official that [a subordinate's] conduct was very likely to violate an individual's constitutional rights." Hegarty v. Somerset County, 53 F.3d 1367, 1380 (1st. Cir. 1995). Here, Plaintiff's complaint is devoid of any allegations whatsoever that Mayor Walsh knew about the issues between A.D. and the Plaintiffs'. Plaintiffs' have not established that Walsh knew of the situation with A.D. and therefore Plaintiffs' likewise cannot prove that there was an "affirmative link" between Mayor Walsh's alleged failure to address the "problem" and the "constitutional violation" of his

subordinate.  *See* Figueroa-Torres, 232 F.3d at 270.  As a result, Plaintiff fails to state a claim for supervisory liability against Defendant Walsh.

The bottom line is that even *assuming* arguendo, that there is a constitutional right at play here, there is no evidence whatsoever, that Defendant Mayor Walsh in any way provided encouragement, condonation and/or acquiescence.

### c. MCRA Claim Against Defendant Mayor Walsh Also Fails Because There Is No Evidence of Threats, Coercion or Intimidation

To establish a claim under the MCRA, the Plaintiff must prove that his exercise or enjoyment of rights secured by the constitution or laws of either the United States or Massachusetts were interfered with, or attempted to be interfered with, by threats, intimidation, or coercion.  Mass. Gen. Laws, ch. 12 §§ 11H and 11I.  To succeed in an MCRA claim, a Plaintiff must show that the derogation of rights occurred "by threats, intimidation, or coercion." Bally v. Northwestern Univ., 403 Mass. 713, 715-16 (1989).  There is absolutely no evidence to suggest that any of the Defendants, and definitely not Mayor Walsh, ever threatened, intimidated or coerced either Plaintiff. In fact there is no evidence to suggest that Mayor Walsh ever interacted with any of the parties involved in this lawsuit.  Defendant Mayor Walsh has never interacted with either of the Plaintiffs in this lawsuit.  Therefore this claim against Defendant Mayor Walsh must also be dismissed.

### d. Count IV Must Fail Against Defendant Mayor Walsh as a Matter of Law

The standard for Title IX claims is that "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"  However, case law is clear that "an aggrieved party may seek money damages against an educational institution that received federal funds but not against individuals who merely work for such an institution.

9

Santiago v. Commonwealth of Puerto Rico, 655 F. 3d 61, 73 (1st Cir. 2011).  Defendant Walsh is clearly not an educational institution, therefore this claim against him must be dismissed as a matter of law.

## V. CONCLUSION

Wherefore, based on the foregoing, the Defendant, Martin Walsh respectfully requests that this Court dismiss the Plaintiff's claims against it with prejudice.

| | |
|---|---|
| **CERTIFICATE OF SERVICE** | Respectfully submitted,<br>DEFENDANT,  MAYOR MARTIN J. WALSH |
| I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants. | Eugene L. O'Flaherty,<br>Corporation Counsel<br><br>By his attorney,<br><br>/s/ Erika P. Reis_____<br>Erika P. Reis, BBO # 669930<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4031<br>Erika.Reis@boston.gov |
| 9/27/17       /s/ Erika P. Reis<br>Date         Erika P. Reis | |

## 7.1 Certification

Undersigned counsel certifies that on September 28, 2017, pursuant to LR, D. Mass. 7.1(a)(2), counsel for the Defendant, Mayor Martin J. Walsh, Erika P. Reis, spoke to counsel for the Plaintiffs'.  Parties are unable to resolve or narrow the issues.

Date:   9/28/17                           /s/ Erika P. Reis
                                          Erika P. Reis