UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11653-ADB

| | |
|---|---|
| **John Doe1 and Jane Doe1 on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R.** | |
| **Plaintiffs,** | |
| **V.** | |
| **City of Boston, Boston Public Schools, Tommy Chang as Superintendent of Boston Public Schools, Martin J. Walsh as Mayor of Boston, and Ayla Gavins** | |
| **Defendants.** | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CITY OF BOSTON'S AND BOSTON PUBLIC SCHOOLS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

## I.   INTRODUCTION

Defendants, City of Boston (hereinafter "City") and the Boston Public Schools[1] (hereinafter "BPS") respectfully move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' Complaint against the City and the BPS in its entirety for failure to state a claim upon which relief can be granted. More specifically, Defendants move to dismiss Count II – 42 U.S.C. §1983, Count III – Massachusetts Civil Rights Act, and Count IV – 20 U.S.C. §1681.

---

[1] As noted below, the Boston Public Schools is not a separate legal entity from the City of Boston.

All of the Plaintiffs' claims are legally and factually deficient. In support of this Motion, the Defendants submit that Plaintiffs' Complaint must be dismissed because Plaintiffs' claims advanced pursuant to 42 U.S.C. § 1983, 20 U.S.C. §1681 and state law claims are either not viable or insufficiently pled as they merely set forth conclusory allegations without any factual support.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally commenced this action in Suffolk Superior Court on June 15, 2017. Plaintiff's Complaint alleges various constitutional and state law claims against the City of Boston and Boston Public Schools, as well as Mayor Martin Walsh, Superintendent Thomas Cheng, and Principal Ayla Gavins.  Plaintiffs' Complaint is devoid of any specific facts against any of the individual Defendants and/or against the City of Boston/Boston Public Schools.  The alleged misconduct was done by a third party (also a minor).  The Defendants properly removed the case to the United States District Court for the District of Massachusetts on September 1, 2017.

For the limited purposes of the instant motion, the Defendants incorporate the facts as alleged in the Complaint. The Defendants add the undisputed fact that all of the minors involved in this lawsuit were four years old during the 2014-2015 academic year (Kindergarten 1) and five years old during the 2015-2016 academic year (Kindergarten 2).

### III.     STANDARD OF REVIEW

#### A.  Fed. R. Civ. P. 12(b)(6) Standard In Light Of *Ashcroft v. Iqbal*

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading standard set forth in Fed. R. Civ. P. 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the Plaintiff has failed to plead facts that suggest any actionable claims against the City.

## IV. ARGUMENT

### A. As a Preliminary Matter, the Boston Public Schools Must Be Dismissed Because It Is Not A Separate Legal Entity From The City of Boston.

The Boston Public Schools is not a separate and distinct legal entity from the City of Boston, therefore it must be dismissed as a Defendant in the case. Rather, the Boston Public Schools is a municipal department within the City of Boston. *See* Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971); Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991); Stratton v. City of Boston, 731 F.Supp. 42, 46 (D. Mass. 1998); *See also* City of Boston Municipal Code ("CBC"), Ch. 11-8-1. For the reasons set forth above, BPS must be dismissed as a Defendant in this matter.

### B. Count II Must Be Dismissed Because Plaintiff Has Failed To Properly Plead A 42 U.S.C. § 1983 Action Against the City And Because the City Cannot Be Found Liable Solely On A Theory of *Respondeat Superior*.

Count II of the Complaint against the City of Boston (and BPS) must be dismissed because the Plaintiffs' have failed to properly plead a 42 U.S.C. § 1983 action against the

4

Defendants and because the Defendants cannot be found liable based simply on a theory of *respondeat superior*. Count II of the Complaint includes several "buzz" words and lumps together all Defendants, but with respect to the City of Boston and BPS, the only possible viable claim that can be discerned from the language of Count II is a Monell claim. For the reasons set forth below, a Monell claim against the City of Boston (and Boston Public Schools) must fail.

It is axiomatic that a municipality is not liable for the tortious actions of its employees simply by virtue of the employment relationship. *See* Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997) ("[w]e have consistently refused to hold municipalities liable under a theory of *respondeat superior*"); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 692 (1978) (municipalities are "not responsible for the unauthorized and unlawful acts of its officers"); "[M]unicipal liability is not vicarious." Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008). Municipal liability is only established when "municipal employees commit unconstitutional acts and those actions are shown to have been caused by a 'policy or custom' of the government." Id. Although the Complaint includes the "magic" language necessary to bring a Monell claim, it is factually devoid of any evidence to support the assertion. More specifically, it does not identify a policy and/or custom that was allegedly violated by the City.

To establish municipal liability, "a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989); *accord* Hathaway v. Stone, 687 F. Supp. 708, 710 (D. Mass. 1988). This requires that "both the existence of a policy or custom and a causal link between that policy and the constitutional harm" must be proven in order to impute liability to a municipality. Santiago, 891 F.2d at 381; *see* City of Canton Ohio v. Harris, 489 U.S. 378, 389 (1989) (municipality must

5

consciously choose a policy that causes constitutional injury); Polk County v. Dodson, 454 U.S. 312, 326 (1981) (for liability to attach, municipal policy must be the "moving force behind the constitutional violation."). The municipal policy may either be (1) an official policy articulated or adopted by a decision-maker; or (2) an unofficial custom as evidenced by widespread action or inaction. See Fletcher v. Town of Clinton, 196 F.3d 41, 55 (1st Cir.1999) (the plaintiff must show policy officially adopted and promulgated, or government custom); *accord* Monell, 436 U.S. at 690-91. Neither an official or an unofficial custom or policy is present in this case. "The Supreme Court, concerned that municipal liability based on fault by the City might collapse into a *de facto respondeat superior*, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel, Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Plaintiffs' have failed to articulate what policy and/or custom they rely on to establish a violation by the Defendants and simply put they cannot make such a showing. It is especially important to note, that all of the parties involved were not simply minors, they were kindergartners. Given the age of the parties and the fact that the alleged perpetrator has the same right to an education as the victims, the Defendant could not simply contact the Boston Police or expel the alleged perpetrator without attempting to remedy the situation, which it did. Although, Plaintiffs conveniently leave out all of the facts, the Defendant did in fact remediate the situation as best it could under the very challenging circumstances.

    1. **Failure to Train**

First, "[t]he liability criteria for 'failure to train' claims are exceptionally stringent." Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998) (*citing* City of Canton, 489 U.S. 388-89). Moreover, a failure to train claim is actionable only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" and

where "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) (*citing* City of Canton, 489 U.S. 378).  A finding of deliberate indifference requires also that the City disregarded a known or obvious risk of serious harm from its failure to develop a training program.  Young, 404 F.3d at 28; Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989).  There are not any facts to support a contention that the Defendants improperly or failed to train its school personnel. In fact the opposite is true given the remedial measures that were taken in this case.

Deliberate indifference generally requires that a plaintiff demonstrate "at least a pattern of similar violations" arising from training that is so clearly inadequate as to be "obviously likely to result in a constitutional violation." *Id*.  See *also* Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).  "[T]he fact that the training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." Young, 404 F.3d at 27 (*citing* Canton, 489 U.S. at 391); *see also* Burns v. Loranger, 907 F.2d 233, 239 (1st Cir. 1990). "Where * * * a claim of municipal liability is predicated upon a failure to [train], the requisite degree of fault must be shown by proof of background events and circumstances which establish that the 'policy of inaction' is the functional equivalent of a decision by the city itself to violate the Constitution." Canton, 489 U.S. at 394-95 (O'Connor, J., concurring in part and dissenting in part).

Here, Plaintiff's Complaint is completely barren of a single factual allegation as to how the City was "deliberately indifferent" to Plaintiff's or any other citizen's constitutional rights. They cannot point to a pattern of systemic similar violations.  They cannot argue that the school did not immediately take steps to protect the Plaintiffs'.  Rather, Plaintiff's Section 1983

municipal claims are nothing more than factually unsupported conclusory allegations that need not be credited as true for the purpose of this motion. See Iqbal, 556 U.S. at 678.

### 2. Failure To Supervise

In similar conclusory fashion, Plaintiffs' attempt to allege that the City, again through BPS, failed to supervise A.D.[2] without providing any specific evidence as to how the City allegedly failed to properly supervise him. In fact, they cannot make such a claim, because it would be untrue. Plaintiffs' Complaint offers nothing more than vague and ambiguous allegations that the City through BPS was "deliberately indifferent" to the rights of its citizens by failing to supervise A.D, which is factually inaccurate and misleading. It is well-established that these types of allegations are nothing more than a rote recitation of the basic elements of a municipal liability claim that, without any specificity or factual support, are insufficient to plead a claim for municipal liability under Section 1983. "Simply because the plaintiff has managed to say the magic words 'custom' and 'policy' does not mean that his complaint properly pleads municipal liability." Allen v. York County Jail, 2003 WL 221842, at *8 (D. Me. Jan 30, 2003). The allegations in the Complaint are exactly the type of "formulaic recitation[s] of the elements of a cause of action," which without factual support cannot survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. at 555.

Accordingly, Count II of Plaintiffs' Complaint must be dismissed as they fail to state cognizable claims against the City (or BPS) within the meaning of Monell and the City is not liable under a theory of *respondeat superior*.

---

[2] The Complaint erroneously refers to the alleged perpetrator as A.J., but his proper initials are A.D.

C. **Count III Must be Dismissed Against the City of Boston (and Boston Public Schools) Because an MCRA Claim Cannot be Brought Against a Municipality.**

The Massachusetts Civil Rights Act ("MCRA") prohibits interference with the exercise or enjoyment of rights secured by the federal of state constitution or laws by means of "threats, intimidation or coercion." Mass. Gen. Laws, Ch. 12 § 11I. However, G. L. c. 12, § 11I. "a municipality cannot be sued under the MCRA." Kelley v. LaForce, 288 F.3d 1, 11 (1st Cir. 2002), therefore this claim against the City of Boston (Boston Public Schools) must be dismissed as a matter of law.

D. **Count IV Must Be Dismissed Because Plaintiffs Have Failed to Establish Any Facts in Their Complaint to Support Their Contention That Defendants Were Deliberately Indifferent.**

The standard for Title IX claims is that "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" Although Plaintiffs do not offer any facts to support this claim against the Defendant, Boston Public Schools is the recipient of Federal financial assistance. However, in order for Plaintiff's to prevail on this count, they must show that the City had actual knowledge and was deliberately indifferent to the misconduct. Gebser v. Lago Vista Independent School District, 524 U.S. 274 (1998). In order to prove a claim for sexual harassment under Title IX, a plaintiff in this context must demonstrate:

> (1) that he or she was subject to "severe, pervasive, and objectively offensive" sexual harassment by a school peer, and (2) that the harassment caused the plaintiff to be deprived of educational opportunities or benefits ... (3) [the funding recipient] knew of the harassment, (4) in its programs or activities and (5) it was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances." Doe v. Brown University, 2017 WL 3911028 (District of Rhode Island, 2017) citing Porto v. Town of Tewksbury, 488 F.3d 67, 72–3 (1st Cir. 2007).

As the Complaint suggests, neither Plaintiff was subject to "severe and/or pervasive" sexual harassment. Neither was deprived of any educational opportunity or benefit. Certainly the school took immediate remedial measures, while still operating within the confines of the law, to ensure that all of the children involved in this situation were treated with respect, dignity and age appropriate remedial measures.

The Plaintiffs' have failed to meet their burden that the Defendant was deliberately indifferent towards the alleged assault of either Plaintiff by another student. Deliberate indifference is a high standard, which requires more than mere vague allegations coupled with buzz words. More specifically, the school took several steps to address A.D issues – assigned staff to monitor him, moved A.D. to a different class, tried to engage parent/guardian, etc. "If the institution takes timely and reasonable measures to end the harassment, it is not liable under Title IX for prior harassment" Doe v. D'Agostino, 367 F. Supp. 2d 157 (D. Mass 2005); *quoting* Willis v. Brown University, 184 F.3d 20, 26 (1st Cir. 1999). The age of the children involved is critical in the analysis of whether the measures taken by the school were adequate and sufficient. The unrefuted evidence shows that as soon as school administration had concerns about A.D.'s behavior, they immediately took steps to address it. It is important to highlight, that the Defendant is responsible for the education of all the parties involved in this lawsuit, not just the Plaintiffs. Given the nature and age of the parties, this was an extremely delicate situation, which the Defendant addressed as best it could. Although the parents may not have agreed with how the Defendant handled the situation that does not mean it rises to the level of deliberate indifference. The Defendant took developmentally appropriate, swift action in trying to ensure that both the Plaintiffs' and the alleged perpetrators educational and emotional needs were met.

## V. CONCLUSION

Wherefore, based on the foregoing, the Defendants, City of Boston and Boston Public Schools, respectfully request that this Court dismiss the Plaintiff's claims against them with prejudice.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.<br><br>9/28/17      /s/ Erika P. Reis<br>Date          Erika P. Reis | Respectfully submitted,<br>DEFENDANT, CITY OF BOSTON AND BOSTON PUBLIC SCHOOLS<br><br>Eugene L. O'Flaherty,<br>Corporation Counsel<br><br>By its attorneys,<br><br>/s/ Erika P. Reis<br>Erika P. Reis, BBO # 669930<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4031<br>Erika.Reis@boston.gov |

## 7.1 Certification

Undersigned counsel certifies that on September 28, 2017, pursuant to LR, D. Mass. 7.1(a)(2), counsel for the Defendant, City of Boston and Boston Public Schools, Erika P. Reis, spoke to counsel for the Plaintiffs'. Parties are unable to resolve or narrow the issues.

Date:  9/28/17                    /s/ Erika P. Reis
                                              Erika P. Reis