UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOHN DOE1 and JANE DOE1, *on behalf of their minor child B.G*, and JOHN DOE2 and JANE DOE2, *on behalf of their minor child A.R.*, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 17-cv-11653-ADB |
| BOSTON PUBLIC SCHOOLS, CITY OF BOSTON, TOMMY CHANG, MARTIN J. WALSH, and AYLA GAVINS, | * * * * | |
| Defendants. | | |

**MEMORANDUM AND ORDER GRANTING MOTIONS TO DISMISS**

BURROUGHS, D.J.

Plaintiffs John Doe1, Jane Doe1, on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R., bring this action against Defendants, school and city officials, to recover for injuries connected to alleged sexual and physical assaults of B.G. and A.R. committed by another student, A.J., that occurred at the Mission Hill K-8 School. [ECF No. 1-1 at 2–4]. Plaintiffs assert claims for violations of 42 U.S.C. § 1983, the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12, § 11I, and Title IX, 20 U.S.C. § 1681. Id. at 3–5. Now before the Court are motions to dismiss filed separately by all five Defendants, although there is substantial overlap in the arguments advanced by each Defendant. [ECF Nos. 9, 11, 13, 15, 17]. For the reasons set forth below, the motions are granted, all claims are dismissed without prejudice, and Plaintiffs are granted leave to file an amended complaint.

I. **BACKGROUND**

Plaintiffs Mr. Doe1 and Ms. Doe1 reside in Boston with their daughter, B.G. Plaintiffs

Mr. Doe2 and Mr. Doe2 live in West Roxbury with their daughter, A.R. Defendant City of Boston oversees the operation of Defendant Boston Public Schools. Defendant Martin Walsh is the Mayor of Boston, Defendant Tommy Chang is the Superintendent of the Boston Public Schools, and Defendant Ayla Gavins is the principal of the Mission Hill K-8 School ("Mission Hill"). The facts set forth in the complaint, in their entirety, are as follows:

> The Boston School District ("District") is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools.
>
> During all or a portion of the period pertinent to this Complaint, the individual municipal defendants were employed by Boston, and/or the School Committee, and were acting within the scope of their authority as employees of Boston and the School Committee.
>
> During all or a portion of the period pertinent to this Complaint, one or more of the individual municipal defendants had final authority to formulate policy in their areas of responsibility.
>
> Mission Hill was at all relevant times a Boston Public Schools school.
>
> During the relevant period, B.G. was a minor student attending Mission Hill.
>
> During the relevant period, A.R. was a minor student attending Mission Hill.
>
> Upon information and belief, prior to and during the 2014-2015 a Mission Hill student (hereafter referred to as "A.J.") sexually and physically assaulted students at Mission Hill.
>
> The defendants had actual knowledge of these assaults.
>
> During the 2014-2015 school year and thereafter, B.G. was sexually assaulted by A.J.
>
> During the 2015-2016 school year and thereafter, A.R. was sexually and physically assaulted by A.J.
>
> The defendants' actions and failures to act caused serious physical and emotional injury to the plaintiffs.

[ECF No. 1-1 at 2–3].

## II. STANDARD OF REVIEW

On a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. United States ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 383 (1st Cir. 2011). While detailed factual allegations are not required, the complaint must set forth "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); it must contain "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citations omitted). The facts alleged, taken together, must "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (1st Cir. 2013) (quoting Twombly, 550 U.S. at 570). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

When assessing the sufficiency of a complaint, the Court first "separate[s] the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Maddox, 732 F.3d at 80 (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). Next, the Court "determine[s] whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'" Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (quoting Twombly, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to

infer more than the mere possibility of misconduct," however, a claim may be dismissed. Iqbal, 556 U.S. at 679.

**III. DISCUSSION**

Although each Defendant has filed a separate motion to dismiss, the individual Defendants (Chang, Gavins, and Walsh) have advanced essentially the same arguments, while the institutional Defendants (the City of Boston and Boston Public Schools) filed identical briefs. Moreover, Plaintiffs' opposition briefs responding to the individual and institutional Defendants' motions are nearly identical. Accordingly, the Court will address the arguments made by these two groups of Defendants in turn.

**A.    Individual Defendants**

1.    Section 1983

Defendants Chang, Gavins, and Walsh argue that Plaintiffs have failed to state a claim against them in their individual capacities[1] based on 42 U.S.C. § 1983.[2] Plaintiffs respond that all of the individual Defendants can be held liable under a state-created danger theory.[3]

As a general matter, a state's "failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago Cty.

---

[1] The individual Defendants are being sued in their individual and official capacities. As discussed infra, the official-capacity claims are dismissed. See infra note 4.

[2] Defendants' briefs, especially Defendant Gavins' brief, contain numerous additional assertions of fact, which the Court cannot consider on a motion to dismiss. See Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) ("Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint" unless the motion is converted to one for summary judgment.).

[3] Plaintiffs also argue, as a threshold matter, that they have a constitutional right to be free from intrusions into bodily integrity and a right to equal access to the public education system. Defendants have not contested that these rights may exist on the present motions to dismiss, and instead focus only on whether, even if a constitutional right was violated, Defendants can be held liable under Section 1983. Thus, the Court need not examine the scope of these rights at this time.

4

Dep't of Soc. Servs., 489 U.S. 189, 197 (1989). "That is because the purpose of the Due Process Clause is to protect the people from the state, not to ensure that the state protects them from each other." Rivera v. Rhode Island, 402 F.3d 27, 34 (1st Cir. 2005). However, the Supreme Court in DeShaney "suggested, but never expressly recognized, the possibility that when the state creates the danger to an individual, an affirmative duty to protect might arise." Rivera, 402 F.3d at 34–35 (citing DeShaney, 489 U.S. at 201). While at least eight circuits "have recognized the existence of the state-created danger theory," and the First Circuit "has discussed the possible existence" of the theory, the First Circuit has "never found it applicable to any specific set of facts." Irish v. Maine, 849 F.3d 521, 526 (1st Cir. 2017).

To assert a claim based on the state-created danger theory, "[i]n addition to alleging a sufficient state-created danger, the plaintiff must meet 'a further and onerous requirement' to prove a substantive due process violation: 'the state actions must shock the conscience of the court.'" Id. (quoting Rivera, 402 F.3d at 35). "Not every negligent, or even willfully reckless, state action that renders a person more vulnerable to danger 'take[s] on the added character of [a] violation[] of the federal Constitution.'" Rivera, 402 F.3d at 36 (quoting Soto v. Flores, 103 F.3d 1056, 1064 (1st Cir. 1997)). "To meet this standard, the state actions must be 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" Irish, 849 F.3d at 526 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)). "[C]onduct *intended* to injure in some way *unjustifiable* by any government interest is the sort of official action most likely to rise to the conscience-shocking level." Rivera, 402 F.3d at 36 (quoting County of Sacramento, 523 U.S. at 849). "[W]hether behavior is conscience shocking varies with regard to the circumstances of the case," and thus, "[i]n situations where actors have an opportunity to reflect and make reasoned and rational decisions, deliberately indifferent behavior

may suffice to 'shock the conscience.'" Id. (quoting County of Sacramento, 523 U.S. at 851–52).

Even if the First Circuit did recognize the existence of the state-created danger theory, the allegations in the complaint fall far short of demonstrating that Plaintiffs have set forth a viable claim premised on that theory. The complaint lacks a number of crucial details, such as how many students were assaulted, when they were assaulted, how many times B.G. and A.R. were assaulted, when Defendants found out about the assaults, who informed Defendants of the assaults, and what information they received. Further, the complaint does not describe any action or inaction by Defendants in response to being informed of the assaults. Indeed, the complaint does not even directly assert that Defendants declined to act when informed of the assaults. While specificity is not required as to every detail, especially given the nature of the alleged wrongdoing, the complaint here is completely lacking in relevant factual detail. In their opposition briefs, Plaintiffs assert that Defendants were "not faced with an emergency situation requiring a single, decisive action," but rather, "perpetually chose to ignore the danger to [the] students," but even this assertion is not supported by the facts alleged in the complaint, nor can the Court draw this inference from the complaint as it currently stands. As such, far from demonstrating that Defendants' behavior was conscience-shocking, the complaint does not clearly indicate that Defendants' behavior was even negligent. Although "deliberately indifferent behavior" by school officials may be actionable in some limited circumstances, the context and factual details of the case are crucial, see Rivera, 402 F.3d at 36. In this case, there is virtually no detail at all from which to determine if there is any actionable conduct. Thus, because Plaintiffs have not stated a claim for a violation of Section 1983 against Defendants Chang, Gavins, and Walsh, the Section 1983 claims must be dismissed.

## 2. Massachusetts Civil Rights Act

Next, Defendants argue that the claims based on the Massachusetts Civil Rights Act ("MCRA"), Mass. Gen. Laws ch. 12, § 11I should be dismissed. The MCRA "is the state analog to § 1983 and provides a cause of action for an individual whose rights under the constitution or laws of either the United States or the Commonwealth of Massachusetts have been interfered with by 'threats, intimidation or coercion.'" Raiche v. Pietroski, 623 F.3d 30, 40 (1st Cir. 2010) (quoting Mass. Gen. Laws ch. 12, §§ 11H & 11I). "To establish a claim under the act, 'a plaintiff must prove that (1) the exercise or enjoyment of some constitutional or statutory right; (2) has been interfered with, or attempted to be interfered with; and (3) such interference was by threats, intimidation, or coercion.'" Glovsky v. Roche Bros. Supermarkets, 17 N.E.3d 1026, 1035 (Mass. 2014) (quoting Currier v. Nat'l Bd. of Med. Exam'rs, 965 N.E.2d 829, 837–38 (Mass. 2012)). For purposes of the act, "threats, intimidation or coercion" are defined as follows:

> a 'threat' consists of 'the intentional exertion of pressure to make another fearful or apprehensive of injury or harm;' 'intimidation' involves 'putting in fear for the purpose of compelling or deterring conduct;' and 'coercion' is 'the application to another of such force, either physical or moral, as to constrain him [or her] to do against his [or her] will something he [or she] would not otherwise have done.

Glovsky, 17 N.E.3d at 1035 (quoting Haufler v. Zotos, 845 N.E.2d 322, 335 (Mass. 2006)).

Defendants contend that the complaint does not allege that they threatened, intimidated, or coerced the Plaintiffs, and thus the MCRA claims must be dismissed. Plaintiffs respond that coercion may be alleged where a defendant maintains "absolute control and access" over the environment at issue. Plaintiffs cite to Chao v. Ballista, 772 F. Supp. 2d 337, 359–60 (D. Mass. 2011), in which the court denied summary judgment as to a MCRA claim brought by a prisoner who had engaged in a sexual relationship with a guard. The court pointed out that the guard had coerced the plaintiff "with the additional benefit of talking to her children with his cell phone or

7

the privilege of keeping contraband," the prison was an environment where the guard had "absolute control and access," and the plaintiff understood the guard to have made an implicit "threat of what would happen if she refused" to continue the relationship. Id. at 360. The court determined that these facts raised "an inference of coercion sufficient to survive summary judgment." Id.

In Chao, the court was able to cite to specific facts indicating that the plaintiff may have been coerced by the defendant. Chao, 772 F. Supp. 2d at 360. While the coercive nature of the prison environment was one factor indicating that the plaintiff was subject to coercion, it was not the only factor the court considered. Id. In the instant case, however, Plaintiffs have not alleged that any of the Defendants threatened, intimidated or coerced any of the Plaintiffs or presented factual detail regarding actions by Defendants sufficient to create "an inference of coercion." In fact, Plaintiffs have provided no additional factual detail beyond the bare minimum assertions that Defendants held administrative positions with the City of Boston, Boston Public Schools, and Mission Hill, and were aware that students had been assaulted at Mission Hill. These factual allegations are simply inadequate to state a claim under the MCRA. Accordingly, the claims are dismissed.[4]

---

[4] The individual Defendants also argue that the Section 1983 and Title IX claims brought against them in their official capacities should be dismissed. See Brandon v. Holt, 469 U.S. 464, 471–72 (1985) (Section 1983 claim brought against government employee in his or her official capacity imposes liability on the entity he or she represents); Santiago v. Puerto Rico, 655 F.3d 61, 73 (1st Cir. 2011) (Title IX provides private right of action to seek money damages from education institution that receives federal funds, but not from individuals who work for that institution). Plaintiffs did not oppose dismissal of these claims, on the condition that their claims against the institutional Defendants were allowed to proceed, but as discussed infra, those claims are also dismissed. Nonetheless, Plaintiffs have provided no argument as to why the claims should not be dismissed, nor is the Court aware of a reason that the claims should survive. Accordingly, these claims are also dismissed.

### B. Institutional Defendants

#### 1. Section 1983

Defendants Boston Public Schools and City of Boston argue that Plaintiffs have failed to state a Section 1983 claim consistent with the requirements of Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658 (1978). "[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory," but § 1983 does impose "liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights." Monell, 436 U.S. at 691–92. "The alleged municipal action at issue must constitute a 'policy or custom' attributable to the City." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). "Further, the Supreme Court has imposed two additional requirements: 1) that the municipal policy or custom actually have caused the plaintiff's injury, and 2) that the municipality possessed the requisite level of fault, which is generally labeled in these sorts of cases as 'deliberate indifference.'" Id. "Causation and deliberate indifference are separate requirements, although they are often intertwined in these cases." Id. One method of establishing a municipality's "deliberate indifference" is by alleging that the municipality failed to train its employees: "[t]riggering municipal liability on a claim of failure to train requires a showing that municipal decisionmakers either knew or should have known that training was inadequate but nonetheless exhibited deliberate indifference to the unconstitutional effects of those inadequacies." Haley v. City of Boston, 657 F.3d 39, 52 (1st Cir. 2011). "[A] training program must be quite deficient in order for the deliberate indifference standard to be met: the fact that training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." Young, 404 F.3d at 27.

The complaint asserts that the institutional Defendants "were deliberately indifferent to or

tacitly authorized" the wrongful conduct described in the complaint, that Defendants failed to adequately supervise A.J., that Defendants failed to adequately train their employees in appropriate supervision, resulting in the alleged injuries, and that the actions and inactions of Defendants "were part of a custom or policy" that caused the injuries. Defendants argue that Plaintiffs have failed to set forth facts in the complaint indicating any deprivation of constitutional rights due to a particular policy, custom, failure to train, or failure to supervise by Defendants.[5] Defendants are correct that the complaint does not identify or describe, even in the most general terms, any policy, custom, or training program that Plaintiffs contend led to the constitutional violation. Thus, the complaint also lacks any explanation as to the connection between the policy, custom, or training program and the constitutional violation. Instead, the complaint relies on bare assertions that these elements of the claim exist. Plaintiffs argue that, based on "common sense," the Court should be able to infer that the institutional Defendants' failure to protect children resulted from deficient policies and/or customs concerning how to handle sexual and physical assault.[6] This logic would make the requirements set forth in Monell moot, however, because a plaintiff could always assert that any constitutional violation necessarily implies the existence of a policy, custom, or lack of training that led to the violation.[7]

---

[5] Like the individual Defendants, the institutional Defendants also include numerous factual assertions in their brief, which the Court cannot consider on a motion to dismiss. See supra note 1.

[6] Plaintiff also cites the ages of the students involved, but the complaint contains no information about the students' ages, aside from the fact that they attended a K-8 school. Defendants represent that the students were in kindergarten when the events at issue took place, and Plaintiffs have not disputed that assertion.

[7] Plaintiff cites to Doe v. Town of Wayland, 179 F. Supp. 3d 155, 173 (D. Mass. 2016) for the proposition that a school's failure to remove a child who sexually abused a fellow student could amount to an official custom or policy, but in that case, the complaint set forth detailed factual allegations describing repeated attempts by school employees to encourage a student to befriend another student known to be abusive. Based on those extensive factual allegations, the Court determined there was "factual support for an inference that socially engineering dangerous

Thus, because Plaintiffs have provided nothing more than "a formulaic recitation of the elements of a cause of action," Twombly, 550 U.S. at 555, the Section 1983 claims against the institutional Defendants are dismissed.

    2.    Title IX

Lastly, Defendants seek dismissal of Plaintiffs' claims based on Title IX, 20 U.S.C. § 1681. "Under Title IX of the Education Amendments of 1972, a recipient of funding from the United States Department of Education may be liable for damages if 'its deliberate indifference [to peer-on-peer sexual harassment] "subjects" its students to harassment.'" Porto v. Town of Tewksbury, 488 F.3d 67, 72 (1st Cir. 2007) (quoting Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 644 (1999)). "[A] funding recipient is not liable under Title IX for all student-on-student sexual harassment." Id. Rather, "the plaintiff must show (1) that he or she was subject to 'severe, pervasive, and objectively offensive' sexual harassment by a school peer," "(2) that the harassment caused the plaintiff to be deprived of educational opportunities or benefits," (3) that the school "knew of the harassment, (4) in its programs or activities and (5) it was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances." Id. at 72–73. If the school "takes timely and reasonable measures to end the harassment, it is not liable under Title IX for prior harassment," although "if it learns that its measures have proved inadequate, it may be required to take further steps to avoid new liability." Wills v. Brown Univ., 184 F.3d 20, 26 (1st Cir. 1999) (citing Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 285–88 (1998)).

Defendants argue that the facts set forth in the complaint are insufficient to demonstrate that Plaintiffs have stated a claim for a violation of Title IX. While the Court must credit the

---

friendships was an official custom or policy." Id. Here, in contrast, the complaint is completely lacking in such factual detail.

assertion in the complaint that Defendants knew of the harassment, the remaining allegations in the complaint are not sufficient to demonstrate that Plaintiffs have asserted a viable Title IX claim. Based on the complaint, the Court is not able to determine whether the harassment was severe or pervasive, whether B.G. and A.R. were deprived of educational opportunities or benefits, whether the school was deliberately indifferent, and whether the school's response was clearly unreasonable in light of the circumstances. Again, as discussed supra, the complaint does not explain when Defendants were informed of the assaults, what information they were provided, or what action or inaction they took in response to this information. Thus, the Court is unable to assess whether, given the facts and circumstances of this particular case, Defendants acted with deliberate indifference such that they could be liable for damages. Therefore, Plaintiffs' Title IX claim is dismissed.[8]

## IV. CONCLUSION

Accordingly, Defendants' motions to dismiss [ECF Nos. 9, 11, 13, 15, 17] are GRANTED, and all claims are dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint by August 6, 2018.

**SO ORDERED.**

July 9, 2018 /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE

---

[8] The institutional Defendants have also moved for dismissal of the MCRA claims against them, and Plaintiffs do not oppose dismissal. Accordingly, those claims are dismissed.