UNITED STATED DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-CV-11653-ADB

_____ )
JOHN DOE1 and JANE DOE1, on behalf of    )
their minor child B.G., and JOHN DOE2    )
AND JANE DOE2, on behalf of their minor  )
minor child, A.R.,                       )
                                         )
                                         )
                                         )
                Plaintiffs,              )
                                         )
        v.                               )
                                         )
CITY OF BOSTON, BOSTON PUBLIC            )
SCHOOLS, TOMMY CHANG, as                 )
Superintendent of Boston Public Schools, )
MARTIN J. WALSH, as Mayor of Boston,     )
and AYLA GAVINS,                         )
                                         )
                Defendants.              )
_____)


**FIRST AMENDED <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>**

**<u>PARTIES</u>**

<u>INTRODUCTION</u>

Plaintiffs, John Doe1 ("Mr. Doe1") and Jane Doe1 (Ms. Doe1), on behalf of their minor

child, B.G. and John Doe2 ("Mr. Doe2") and Jane Doe2 ("Ms. Doe2"), on behalf of their minor

child, A.R. (collectively, "plaintiffs") submit this Amended Complaint to bring this action to

recover for injuries they suffered as a result of the actions and failures to act on the part of the

defendants Boston Public Schools, City of Boston, Thomas Chang, Martin Walsh and Ayla

Gavins (collectively, "defendants").

<u>PARTIES AND JURISDICTION</u>

1. The plaintiffs, B.G. and her parents, Mr. Doe1 and Ms. Doe1, reside in Boston, Suffolk County, Massachusetts.

2. The plaintiffs, A.R. and her parents, Mr. Doe2 and Ms. Doe2, reside in West Roxbury, Suffolk County, Massachusetts.

3. The defendant Boston Public Schools is located in Boston, Suffolk County, Massachusetts.

4. The defendant City of Boston, is a municipal corporation located in Boston, Suffolk County, Massachusetts and oversees the operation of the Boston Public Schools.

5. The defendant, Tommy Chang, Ed.D., ("Dr. Chang") was Superintendent of the Boston Public Schools in Boston, Massachusetts during all or a portion of the period pertinent to this Complaint.  He is sued in both his individual and official capacities.

6. Defendant, Martin Walsh, was at all relevant times the mayor of Boston.  He is sued in both his individual and official capacities.

7. Ayla Gavins ("Ms. Gavins") was at all relevant times the principal of the Mission Hill K-8 School ("Mission Hill").  She is sued in both her individual and official capacities.

## FACTS

8. The Boston School District ("District") is a recipient of federal financial assistance, including federal financial assistance provided to the District's schools.

9. During all or a portion of the period pertinent to this Complaint, the individual municipal defendants were employed by Boston, and/or the School Committee, and were acting within the scope of their authority as employees of Boston and the School Committee.

10. During all or a portion of the period pertinent to this Complaint, one or more of the individual municipal defendants had final authority to formulate policy in their areas of responsibility.

11. Mission Hill was at all relevant times a Boston Public Schools school.

12. During the relevant period, B.G. was a minor student attending Mission Hill.

13. During the relevant period, A.R. was a minor student attending Mission Hill.

14. Prior to October 2014, a Mission Hill student (hereafter referred to as "A.J.") had assaulted and sexually assaulted two students other than the minor plaintiffs.  This included forcibly exposing other students' genitals and touching and kissing them in their genital areas. Mission Hill staff were aware of these sexual assaults by A.J.

15. No actions, such as closer monitoring, assigning an aide to A.J., removing A.J. from Mission Hill School, or warning other staff of A.J.'s actions, was undertaken to ensure that A.J. would not sexually assault other students.

16. On or after October 2014, A.J. sexually assaulted B.G. A.J. digitally penetrated B.G. Defendants were aware of these assaults as a 51A was reportedly filed by a Mission Hill teacher.

17. Prior to and continuing after A.J.'s first sexual assaults, other students at Mission Hill perpetrated sexual assaults on Mission Hill students.  These sexual assaults were not properly addressed or prevented.

18. Ms. Gavins discouraged staff from filing 51A reports about A.J.'s assaults and assaults by other students.  One teacher was fired in retaliation for filing a 51A about A.J.'s assaults.

19. The defendants failed to properly train staff on filing 51As and their practice and procedure was to discourage and delay the filing of 51As about the sexual assaults perpetrated by A.J. and other students.

20. Numerous students were sexually assaulted by A.J. during the 2014-2015 school year and these assaults were reported to Mission Hill staff and Ms. Gavins.  These students included B.G. and four other female students and a male student.

21. A.J. remained in the same classroom as B.G. for several months after the assault and B.G. lived in fear of being assaulted again.  Even after A.J. was moved to a different classroom, he remained in the school and interacted with B.G.  B.G. was also aware that A.J. was assaulting other students.  This caused B.G. to relive the trauma she experienced directly and deprived her of her education.

22. The defendants' inactions in addressing and acting to prevent A.J.'s sexual assault, after knowing of A.J.'s repeated sexual assaults was deliberately indifferent and unreasonable.

23. During the 2015-2016 school year, A.R.'s parents asked for a safety plan for A.R.  Defendant Gavins instructed staff not to provide one or otherwise respond to A.R.'s parents' requests.

24. During the 2015-2016 school year, A.J. groped A.R. in her breast and genital areas.  A.J. tried to kiss A.R. and threatened her with physical violence if she refused.  These assaults were witnessed by Mission Hill staff and reported to Ms. Gavins.  A.J. made A.R. expose her genitals to A.J. by threatening her with physical violence if she refused. This was reported to Mission Hill staff and Ms. Gavins.

25. In September of the 2016-2017 school year, A.R. was assigned to sit next to A.J.  A.J. again sexually assaulted A.R.  This including forcibly kissing A.R. and touching her chest. These assaults were witnessed by Mission Hill staff and reported to Ms. Gavins.  Around the same time A.J. sexually assaulted another student by touching her genitals.  This was witnessed by the teacher and reported to Ms. Gavins.

26. In October 2016 A.J. grabbed A.R.'s genitals over her clothes while on the playground.

27. The defendants' inactions in addressing and acting to prevent A.J.'s sexual assaults, after knowing of A.J.'s pervasive and repeated sexual assaults spanning multiple years and myriad victims, was deliberately indifferent and unreasonable.

28.  The defendants' actions and failures to act caused serious physical and emotional injury to the minor plaintiffs.

29. As a direct and proximate result of the defendants' actions and failures to act, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

30. The harassment of the minor plaintiffs was severe and pervasive.  Both minor plaintiffs experienced sexual assault and extreme emotional damages from this trauma.  The sexual assault and atmosphere created by the unchecked sexual assaults caused severe disruption of their education thereby depriving them of educational opportunities and benefits. Continuing to attend school where they were inadequately protected from A.J. and lived in fear of additional sexual assaults and continuing to be aware that other students were being sexually assaulted by A.J., as well as being in an environment whether other students perpetrated sexual assaults on other students, deprived them of appropriate educational opportunities and benefits.

31. Ms. Gavins and the other defendants interfered or attempted to interfere by threats, intimidation and coercion with the minor plaintiffs' parents' exercise and enjoyment of rights secured under the Constitution and laws of the Commonwealth of Massachusetts and the United States by retaliating against A.R.'s family for their complaining about the sexual assaults at Mission Hill. This interference included denying A.R.'s family's request to have

A.R. transferred to another school and by interfering with the plaintiffs' families' speaking out against the administration and policies of the Mission Hill school.

## COUNT I
### (Violation of 42 U.S.C. § 1983)
### (Against Gavins)

32. The plaintiffs reallege paragraphs 1 through 31, above and incorporate them herein by reference.

33. Each and every act and omission alleged herein was done by the defendants not only as individuals, but also under the color and pretenses of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts, and the rules, policies, and direction of the District, having been clothed with both actual and apparent authority by the governing body, the School Committee and/or Boston.

34. Defendant Gavins acted with deliberate indifference or gross negligence in failing to supervise A.J., ignoring A.J.'s history and prior assaults.

35. B.G. and A.R. have been deprived by Ms. Gavins, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into their bodily integrity and to receive a public education.

36. As a direct and proximate result of such deprivation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT II
### (Violation of 42 U.S.C. § 1983)
### (Against the City of Boston and the Boston Schools)

37. The plaintiffs reallege paragraphs 1 through 36, above and incorporate them herein by reference.

38. The defendants were deliberately indifferent to or tacitly authorized the wrongful conduct described above, and were deliberately indifferent to or tacitly authorized the wrongful conduct by ignoring the previous assaults by A.J. and failing to prevent further sexual assault.

39. The defendants' failure to supervise adequately A.J. caused B.G. and A.R. to be subject to the injuries described above.

40. The defendants' failure to train adequately their employees in appropriate supervision caused B.G. and A.R. to be subject to the injuries described above.

41. The discouraging of filing 51As relating to the sexual assaults by A.J. and other students caused B.G. and A.R. to be subject to the injuries described above.

42. The actions and inactions of the defendants were part of a custom or policy that caused B.G. and A.R. to be subject to the injuries described above.

43. As a consequence of such custom or policy, B.G. and A.R. have been deprived by the defendants, under color of law, of the rights, privileges and immunities secured by the Constitution and laws of the United States, including the right to be free from intrusions into her bodily integrity and to receive a public education.

44. As a direct and proximate result of such deprivation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT III
### (Violation of Massachusetts Civil Rights Act)
### (Against Gavins In Her Individual Capacity)

45. The plaintiffs reallege paragraphs 1 through 44, above and incorporate them herein by reference.

46. Defendants, in violation of the Massachusetts Civil Rights Act, Mass. Gen. L. c. 12 § 11(I), interfered or attempted to interfere by threats, intimidation and coercion with the plaintiffs' exercise and enjoyment of rights secured under the Constitution and laws of the Commonwealth of Massachusetts and the United States.

47. As a direct and proximate result of such deprivation, the plaintiffs suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish, and invasion of bodily integrity.

## COUNT IV
### (Violation of Title IX, 20 U.S.C. § 1681)
### (Against City of Boston and Boston Public Schools)

48. The plaintiffs reallege paragraphs 1 through 47, above and incorporate them herein by reference.

49. Defendants in their official capacities, in violation of Title IX, 20 U.S.C. § 1681, remained deliberately indifferent to the assaults of B.G. and A.R. of which they had actual knowledge.

50. The sexual assaults and atmosphere created by the unchecked sexual assaults caused severe disruption of the minor plaintiffs' education, thereby depriving them of educational opportunities and benefits.

51. As a direct and proximate result of such violation, B.G. and A.R. suffered physical injuries, indignities, humiliation, severe emotional distress, mental anguish and invasion of bodily integrity and deprivation of educational opportunities and benefits.

## COUNT V
### (Negligence)
### (By A.R. Against City of Boston and Boston Public Schools)

52. Plaintiffs incorporate by reference paragraphs 1 through 51, above.

53. Defendants owed A.R. a duty to exercise reasonable care in caring for and supervising A.R.

54. The defendants were negligent in their treatment of A.R. and improperly supervised her and improperly failed to keep her safe from A.J.

55. On June 16, 2017, plaintiffs properly served presentment letters on the municipal defendants.

56. As a direct and proximate cause of the defendants' negligence, A.R. suffered and continues to suffer damages as described above.

## COUNT VI
### (Loss of Consortium)
### (By Mr. Doe2 and Ms. Doe2 Against Gavins, Walsh and Chang)

57. Plaintiffs incorporate by reference paragraphs 1 through 56, above.

58. At all times material to this civil action, Mr. Doe2 and Ms. Doe2 were the parents of A.R.

59. As a direct and proximate result of the defendants' negligence, Mr. Doe2 and Ms. Doe2 have been deprived of the society, love, affection, companionship, care and services, of A.R., and are entitled to recovery for said loss pursuant to G. L. c. 231, § 85X.

60. Mr. Doe2 and Ms. Doe2 seek all damages available against defendants on account of their loss of A.R.'s consortium.

## RELIEF REQUESTED

WHEREFORE, the plaintiffs claim judgment against the defendants and each of them, jointly and severally as follows:

A.      Compensatory damages in an amount warranted by the evidence at trial;

B.      Punitive damages in an amount warranted by the evidence at trial;

C.      Reasonable attorney fees and the costs incurred in this action;

D.      Such other relief as permitted by statute and as this court shall consider to be fair and equitable.

## JURY DEMAND

The plaintiffs hereby demand a jury on all claims and issues so triable.

Respectfully submitted,

Plaintiffs, JOHN DOE1, JANE DOE1, B.G., JOHN DOE2, JANE DOE2, and A.R.
By their Attorneys,


/s/Daniel T.S. Heffernan
Daniel T. S. Heffernan, BBO #550794
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114
(617) 227-7031
DATED:  August 13, 2018          (617) 367-2988 [facsimile]