UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-cv-11653-ADB

John Doe1 and Jane Doe1 on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R.

Plaintiffs,

V.

City of Boston, Boston Public Schools, Tommy Chang as Superintendent of Boston Public Schools, Martin J. Walsh as Mayor of Boston, and Ayla Gavins

Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS, CITY OF BOSTON'S AND BOSTON PUBLIC SCHOOLS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

**I.   INTRODUCTION**

Defendant, City of Boston (hereinafter "City") and the Boston Public Schools[1] (hereinafter "BPS") respectfully move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' First Amended Complaint against the City and the BPS for failure to state a claim upon which relief can be granted.  More specifically, Defendant moves to dismiss Count II – 42 U.S.C. §1983, Count IV – 20 U.S.C. §1681 and Count V – M.G.L. c.258.

---

[1] As noted below, the Boston Public Schools is not a separate legal entity from the City of Boston.

1

In support of this Motion, the Defendant submits that Counts II, IV and V of Plaintiff's First Amended Complaint must be dismissed because Plaintiffs' claims advanced pursuant to 42 U.S.C. § 1983 (Count II), 20 U.S.C. §1681 (Count IV), and M.G.L. c. 258 (Count V) are either not viable or still insufficiently pled as they merely set forth conclusory allegations without any factual basis.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally commenced this action in Suffolk Superior Court on June 15, 2017. Once again, Plaintiff's Complaint alleges various constitutional and state law claims against the City of Boston and Boston Public Schools, as well as Mayor Martin Walsh, former Superintendent Thomas Chang, and Principal Ayla Gavins. Plaintiffs' First Amended Complaint continues to be devoid of any specific facts against any of the individual Defendants and/or against the City of Boston/Boston Public Schools. The alleged misconduct was done by a third party (also a minor). The Defendants properly removed the case to the United States District Court for the District of Massachusetts on September 1, 2017.

On September 28, 2017, all Defendants filed a Motion to Dismiss the entirety of Plaintiff's Complaint. Plaintiff's filed an Opposition to Defendants Motion to Dismiss on October 30, 2017. On July 6, 2018 this Honorable Court allowed Defendants Motion to Dismiss and also gave the Plaintiff's an opportunity to amend their Complaint. On August 13, 2018, Plaintiff's filed an Amended Complaint.

For the limited purposes of the instant motion, the Defendant incorporates the facts as alleged in the Complaint.

## III.   STANDARD OF REVIEW

### A.  Fed. R. Civ. P. 12(b)(6) Standard In Light Of *Ashcroft v. Iqbal*

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The pleading standard set forth in Fed. R. Civ. P. 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id. at 557.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 545 (citations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the Plaintiff has failed to plead facts that suggest any actionable claims against the City.

## IV.  ARGUMENT

### A. As a Preliminary Matter, the Boston Public Schools Must Be Dismissed Because It Is Not A Separate Legal Entity From The City of Boston.

The Boston Public Schools is not a separate and distinct legal entity from the City of Boston, therefore it must be dismissed as a Defendant in this case.  There is no dispute that the Boston Public Schools is a municipal department within the City of Boston.  *See* Henschel v. Worcester Police Department, 445 F.2d 624 (1st Cir. 1971); Curran v. City of Boston, 777 F. Supp. 116, 120 (D. Mass. 1991); Stratton v. City of Boston, 731 F.Supp. 42, 46 (D. Mass. 1998); *See also* City of Boston Municipal Code ("CBC"), Ch. 11-8-1.  For the reasons set forth above, BPS must be dismissed as a Defendant in this matter.

### B. Count II Must Be Dismissed Because Plaintiff Has Failed To Properly Plead A 42 U.S.C. § 1983 Action Against the City And Because the City Cannot Be Found Liable Solely On A Theory of *Respondeat Superior*.

Count II of the Complaint against the City of Boston (and BPS) must be dismissed because the Plaintiffs' have still failed to properly plead a 42 U.S.C. § 1983 action against the Defendant and because the Defendant cannot be found liable based simply on a theory of

4

*respondeat superior*.  Count II of the Complaint includes several "buzz" words, but with respect to the City of Boston and/or BPS, the only possible viable claim that can be discerned from the language of Count II is a Monell claim.  For the reasons set forth below, a Monell claim against the City of Boston (and Boston Public Schools) must fail.

It is axiomatic that a municipality is not liable for the tortious actions of its employees simply by virtue of the employment relationship.  *See* Board of County Commissioners v. Brown, 520 U.S. 397, 403 (1997) ("[w]e have consistently refused to hold municipalities liable under a theory of *respondeat superior*"); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 692 (1978) (municipalities are "not responsible for the unauthorized and unlawful acts of its officers"); "[M]unicipal liability is not vicarious." Estate of Bennett v. Wainwright, 548 F.3d 155, 177 (1st Cir. 2008).  Municipal liability is only established when "municipal employees commit unconstitutional acts and those actions are shown to have been caused by a 'policy or custom' of the government." Id.  Although the Complaint includes the "magic" language necessary to bring a Monell claim, it is factually devoid of any evidence to support the assertion.  More specifically, it does not identify a policy and/or custom that was allegedly violated by the City.  Merely referring to a policy is not sufficient to establish a Monell claim.

To establish municipal liability, "a plaintiff must show that a policy or custom of the city led to the constitutional deprivation alleged." Santiago v. Fenton, 891 F.2d 373, 381 (1st Cir. 1989); *accord* Hathaway v. Stone, 687 F. Supp. 708, 710 (D. Mass. 1988).  This requires that "both the existence of a policy or custom and a causal link between that policy and the constitutional harm" must be proven in order to impute liability to a municipality. Santiago, 891 F.2d at 381; *see* City of Canton Ohio v. Harris, 489 U.S. 378, 389 (1989) (municipality must

5

consciously choose a policy that causes constitutional injury); Polk County v. Dodson, 454 U.S. 312, 326 (1981) (for liability to attach, municipal policy must be the "moving force behind the constitutional violation."). The municipal policy may either be (1) an official policy articulated or adopted by a decision-maker; or (2) an unofficial custom as evidenced by widespread action or inaction. See Fletcher v. Town of Clinton, 196 F.3d 41, 55 (1st Cir.1999) (the plaintiff must show policy officially adopted and promulgated, or government custom); *accord* Monell, 436 U.S. at 690-91. Neither an official or an unofficial custom or policy is present in this case. "The Supreme Court, concerned that municipal liability based on fault by the City might collapse into a *de facto respondeat superior*, has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel, Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). Plaintiffs' have failed to articulate what policy and/or custom they rely on to establish a violation by the Defendant and simply put they cannot make such a showing. Simply stating that there is a policy (¶42, ¶43 Plaintiff's First Amended Complaint) does not amount to a Monell claim. Equally, disagreeing with a decision does not equate to a custom and/or policy.

  1. **Failure to Train**

First, "[t]he liability criteria for 'failure to train' claims are exceptionally stringent." Hayden v. Grayson, 134 F.3d 449, 456 (1st Cir. 1998) (*citing* City of Canton, 489 U.S. 388-89). Moreover, a failure to train claim is actionable only where "the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact" and where "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Young v. City of Providence, 404 F.3d 4, 26 (1st Cir. 2005) (*citing* City of Canton, 489 U.S. 378). A finding of deliberate indifference requires also that the City disregarded a known or obvious risk of serious harm from its failure to develop a training program. Young, 404 F.3d

at 28; Bordanaro v. McLeod, 871 F.2d 1151, 1156 (1st Cir. 1989).  There are not any facts to support a contention that the Defendants improperly or failed to train its school personnel. In fact the opposite is true given the remedial measures that were taken in this case.

Deliberate indifference generally requires that a plaintiff demonstrate "at least a pattern of similar violations" arising from training that is so clearly inadequate as to be "obviously likely to result in a constitutional violation." Id.  See also Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994).  "[T]he fact that the training is imperfect or not in the precise form a plaintiff would prefer is insufficient to make such a showing." Young, 404 F.3d at 27 (*citing* Canton, 489 U.S. at 391); *see also* Burns v. Loranger, 907 F.2d 233, 239 (1st Cir. 1990). "Where * * * a claim of municipal liability is predicated upon a failure to [train], the requisite degree of fault must be shown by proof of background events and circumstances which establish that the 'policy of inaction' is the functional equivalent of a decision by the city itself to violate the Constitution." Canton, 489 U.S. at 394-95 (O'Connor, J., concurring in part and dissenting in part).

Here, Plaintiff's Complaint is completely barren of a single factual allegation as to how the City was "deliberately indifferent" to Plaintiff's or any other citizen's constitutional rights. They still cannot point to a pattern of systemic similar violations.  They falsely argue that the school did not immediately take steps to protect the Plaintiffs'.  Plaintiff's Section 1983 municipal claims continue to be nothing more than factually unsupported conclusory allegations that need not be credited as true for the purpose of this motion. See Iqbal, 556 U.S. at 678.

### 2. Failure To Supervise

Similar to the original Complaint, Plaintiffs' First Amended Complaint offers nothing more than vague and ambiguous allegations that the City through BPS was "deliberately

7

indifferent" to the rights of its citizens by failing to supervise A.J.[2], which is factually inaccurate and misleading.  It is well-established that these types of allegations are nothing more than a rote recitation of the basic elements of a municipal liability claim that, without any specificity or factual support, are insufficient to plead a claim for municipal liability under Section 1983. "Simply because the plaintiff has managed to say the magic words 'custom' and 'policy' does not mean that his complaint properly pleads municipal liability." Allen v. York County Jail, 2003 WL 221842, at *8 (D. Me. Jan 30, 2003). The allegations in the Complaint are exactly the type of "formulaic recitation[s] of the elements of a cause of action," which without factual support cannot survive a Rule 12(b)(6) motion to dismiss.  *See* Twombly, 550 U.S. at 555.

Accordingly, Count II of Plaintiffs' Complaint must be dismissed as they fail to state cognizable claims against the City (or BPS) within the meaning of Monell and the City is not liable under a theory of *respondeat superior*.

### C. **Count IV Must Be Dismissed Because Plaintiffs Have Failed to Establish Any Facts in Their Complaint to Support Their Contention That Defendants Were Deliberately Indifferent.**

Once again the Plaintiff's First Amended Complaint attempts to manufacture a Title IX claim by repeatedly using key words without offering facts to support how specifically the Defendant was deliberately indifferent. Rather the Plaintiff's First Amended Complaint relies on a) factual falsehoods and b) repeating the same facts in the attempt to bootstrap a Title IX claim against the Defendant.  The standard for Title IX claims is that "no person…shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" In order for Plaintiff's to prevail on this count, they must show that the City had actual

---

[2] It is an undisputed fact that at the beginning of the 2014-2015 academic year, all parties involved were between the ages of four and five years old.

8

knowledge <u>and</u> was deliberately indifferent to the misconduct. <u>Gebser v. Lago Vista Independent School District</u>, 524 U.S. 274 (1998). In order to prove a claim for sexual harassment under Title IX, a plaintiff in this context must demonstrate:

> (1) that he or she was subject to "severe, pervasive, and objectively offensive" sexual harassment by a school peer, and (2) that the harassment caused the plaintiff to be deprived of educational opportunities or benefits ... (3) [the funding recipient] knew of the harassment, (4) in its programs or activities and (5) it was deliberately indifferent to the harassment such that its response (or lack thereof) is clearly unreasonable in light of the known circumstances." <u>Doe v. Brown University</u>, 2017 WL 3911028 (District of Rhode Island, 2017) *citing* <u>Porto v. Town of Tewksbury</u>, 488 F.3d 67, 72–3 (1st Cir. 2007).

As the First Amended Complaint suggests, neither Plaintiff was subject to "severe and/or pervasive" sexual harassment. In fact even if you take Plaintiff's First Amended Complaint at face value, B.G. was allegedly sexually assaulted once and A.R. was allegedly sexually three times by their classmate A.J. Neither Plaintiff was ever deprived of any educational opportunity or benefit. It is clear from reading Plaintiff's Amended Complaint that it attempts to tailor the facts to <u>Davis v. Monroe County Board of Education</u>, 119 S. Ct. 1661 (1999). However, they fail to address, how specifically these facts rise to the level of deliberate indifference. Simply put they cannot meet the very high standard of deliberate indifference laid out in <u>Davis</u>. The Defendant, despite the factual mischaracterization, did not "remain idle in the face of known student-on student harassment" <u>Davis</u> at 641, Plaintiff's concede that the school filed a 51A (Amended Complaint ¶16) and moved A.J. to a different classroom (Amended Complaint ¶21). Although the parents of the minor Plaintiff's may not have agreed with the manner in which the principal handled this very delicate situation between very small schoolchildren, "school administrators will continue to enjoy the flexibility they require so long as funding recipients are deemed "deliberately indifferent" to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of the

known circumstances" Davis at 649. It is clear, even under the very limited facts pled, that the school took reasonable and immediate remedial measures to ensure that all of the children involved in this situation were treated with legally and respectfully.

The Plaintiffs' have failed to meet their burden that the Defendant was deliberately indifferent towards the alleged assault of either Plaintiff by another student. Deliberate indifference is a high standard, which requires more than mere vague allegations coupled with buzz words. More specifically, the school took several steps to address A.J.'s issues, "if the institution takes timely and reasonable measures to end the harassment, it is not liable under Title IX for prior harassment" Doe v. D'Agostino, 367 F. Supp. 2d 157 (D. Mass 2005); *quoting* Willis v. Brown University, 184 F.3d 20, 26 (1st Cir. 1999). It is important to note, that the Defendant is responsible for the education of all the parties involved in this lawsuit, not just the Plaintiffs. Given the nature and age of the parties, this was an extremely delicate situation, which the Defendant addressed as best it could. The Defendant took developmentally appropriate, swift action in trying to ensure that both the Plaintiffs' and the alleged perpetrators educational and emotional needs were met.

### D. Count V of Plaintiff's Complaint Must Be Dismissed Because The Complaint Fails To Establish That The City Was Negligent And The City Is Immune From Liability Under M.G.L. c.258, §10(j)

Even if the evidence is viewed in the light most favorable to the Plaintiff – only A.R. filed a claim for negligence against the Defendant – there is still insufficient evidence to find that the City was negligent. "To prevail on a negligence claim, a plaintiff must prove that the defendant owed the plaintiff a duty of reasonable care, that the defendant breached this duty, that damage resulted and that there was a causal relation between the breach of the duty and the damage." Jupin v. Kask, 447 Mass. 141, 146 (2006). The evidence suggests that Defendant did

in fact meet that duty of reasonable care to A.R. by taking various measures to address the situation occurring between the students. Given the age of all parties, which is undisputed, referring the case to the Boston Police Department was not an option. The Plaintiff's First Amended Complaint also falls short of any evidence of damages, other than sweeping generalizations, which is insufficient.

Moreover, the Defendant is immune from suit under c. 258, §10(j), which states "[a]ny claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer." Doe v. City of Ficthburg, 76 Mass.App.Ct. 1106 (2010). In Cormier v. City of Lynn, 91 Mass.App.Ct. 1101 (2017), Plaintiff alleged that he was being bullied, had repeatedly notified the school and that the school was in violation of the schools anti-bullying policy. The Court noted that "§ 10(j) of the Act provides immunity to a public employer for harmful consequences arising from its failure to act to prevent the conduct of a third person that resulted in the harmful consequence.10 See G. L. c. 258, § 10(j). Here there is no dispute that the Defendant was not the 'original cause' of the alleged harm caused to A.R "the 'original cause' language means an affirmative act (not a failure to act) by a public employer that creates the 'condition or situation' that results in harm inflicted by a third party." Kent v. Commonwealth, 437 Mass. 312, 318 (2002), *quoting* from Brum v. Dartmouth, 428 Mass. 684, 695 (1999). Even if all of the allegations in the Complaint are true and accurate, there is no evidence that the Defendant took any affirmative act that contributed to the alleged harm suffered by A.R. Therefore, Count V against the Defendant must be dismissed.

## V. CONCLUSION

**WHEREFORE**, based on the foregoing, the Defendants, City of Boston and Boston Public Schools, respectfully request that this Court dismiss the Boston Public Schools as a Defendant in this matter and dismiss all claims - Count II, Count IV and Count V - of Plaintiff's First Amended Complaint claims against Defendant Boston with prejudice.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br><br>I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.<br><br>8/24/18   /s/ Erika P. Reis<br>Date      Erika P. Reis | Respectfully submitted,<br>DEFENDANT, CITY OF BOSTON AND BOSTON PUBLIC SCHOOLS<br><br>Eugene L. O'Flaherty,<br>Corporation Counsel<br><br>By its attorney,<br><br>/s/ Erika P. Reis_____<br>Erika P. Reis, BBO # 669930<br>Senior Assistant Corporation Counsel<br>City of Boston Law Department<br>One City Hall Plaza, Room 615<br>Boston, MA 02201<br>(617) 635-4031<br>Erika.Reis@boston.gov |

### 7.1 Certification

Undersigned counsel certifies that on August 24, 2018, pursuant to LR, D. Mass. 7.1(a)(2), counsel for the Defendant, City of Boston and Boston Public Schools, Erika P. Reis, spoke to counsel for the Plaintiffs'.  Parties are unable to resolve or narrow the issues.

Date:  8/24/18                         /s/ Erika P. Reis
                                       Erika P. Reis