**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:17-cv-11653-ADB**

| |
|---|
| **John Doe1 and Jane Doe1 on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R.** |
| **Plaintiffs,** |
| **V.** |
| **City of Boston, Boston Public Schools, Tommy Chang as Superintendent of Boston Public Schools, Martin J. Walsh as Mayor of Boston, and Ayla Gavins** |
| **Defendants.** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, AYLA GAVINS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## I.     INTRODUCTION

Defendant, Ayla Gavins (hereinafter "Defendant Gavins") respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's First Amended Complaint against her in its entirety for failure to state a claim upon which relief can be granted.  More specifically, Defendant Gavin moves to dismiss Count I – 42 U.S.C. §1983 (individual capacity), Count III – Massachusetts Civil Rights Act, and Count VI –Loss of Consortium.

Plaintiffs' claims against Defendant Gavins are legally deficient and misrepresent the facts. In support of this Motion, the Defendant submits that Plaintiffs' First Amended Complaint

1

must be dismissed because Plaintiffs' claims advanced pursuant to 42 U.S.C. § 1983 and state laws are either still not viable or insufficiently pled as they merely set forth conclusory allegations without any factual support.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff originally commenced this action in Suffolk Superior Court on June 15, 2017. Once again, Plaintiff's Complaint alleges various constitutional and state law claims against the City of Boston and Boston Public Schools, as well as Mayor Martin Walsh, Superintendent Thomas Cheng, and Principal Ayla Gavins.  Plaintiffs' Complaint continues to be devoid of any specific facts against any of the individual Defendants and/or against the City of Boston/Boston Public Schools.   The alleged misconduct was done by a third party (also a minor).   The Defendants properly removed the case to the United States District Court for the District of Massachusetts on September 1, 2017.

On September 28, 2017, Defendants filed a Motion to Dismiss all of Plaintiff's claims. Plaintiff's filed an Opposition to Defendants Motion to Dismiss on October 30, 2017.   On July 6, 2018 this Honorable Court allowed Defendants Motion to Dismiss and also gave the Plaintiff's an opportunity to amend their Complaint.  On August 13, 2018, Plaintiff's filed an Amended Complaint.

For the limited purposes of the instant motion, the Defendants incorporate the facts as alleged in the Complaint.

## III.   STANDARD OF REVIEW

### A.  Fed. R. Civ. P. 12(b)(6) Standard In Light Of *Ashcroft v. Iqbal*

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The pleading standard set forth in Fed. R. Civ. P. 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557.  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). However, this tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Mere recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Id., citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted).

"Despite the highly deferential reading which we accord a litigant's complaint under Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990).  Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a Section 1983 claimant must "at least

set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir.1982). Within this analytical framework, the Plaintiff has failed to plead facts that suggest any actionable claims against the City.

### IV.   ARGUMENT

#### a.   Count I Must Be Dismissed Because Plaintiffs' Have Failed To Articulate A 42 U.S.C. §1983 Claim Againt Defendant Gavins In Her Individual Capacity

Count I of Plaintiffs' First Amended Complaint is essentially targeting Defendant Gavins in her individual capacity for duties she carries out in her official capacity as Principal of the Mission Hill School.  There are absolutely no facts that support individual liability by Defendant Gavins.  In other words, Plaintiffs' First Amended Complaint alleges no specific and articulable instances of misconduct that are attributable to Defendant Gavins, which go above and beyond her duties and responsibilities as a Principal, which she appropriately carried out in this very sensitive and difficult situation.  Even taking Plaintiff's First Amended Complaint at face value, the facts still do not support a 42 U.S.C. §1983 violation.  "Because vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, have violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." Id. at 677, 129 S.Ct. 1937.  It is imperative to distinguish between Plaintiffs' guardians disagreeing with the actions taken by the Principal of their children's school and conduct that rises to the level of personal misconduct.  Essentially, the Plaintiffs' are asking this court to engage in the business of questioning the professional decisions made by a seasoned educator and to label the Defendants decision as a §1983 violation without any facts to support

4

their contentions.  So basically, it is the proverbial "because we said (or think) so" it must be true assertion, which is not legally sufficient.  To be clear, Defendant Gavins has never condoned any of the alleged behaviors by A.J[1].  This particular situation posed several challenges, which Defendant Gavins and her staff handled in the most age appropriate manner.  Under very challenging circumstances, Defendant Gavins still managed to come up with remedial measures to address the situation.  Therefore, to suggest that Defendant Gavins essentially ignored the situation is disingenuous.

To establish a claim under § 1983, the plaintiffs must demonstrate that:(1) defendant was acting under color of state law; (2) that Plaintiffs' were in fact deprived of a federally protected right, and; (3) that defendant was personally involved in the violation, Caraballo Cordero, 91 F.Supp.2d at 489; Gutierrez–Rodriguez v. Cartagena, 882 F.2d 553, 559 (1st Cir.1989). Defendant did not deny either Plaintiff a right secured by the Constitution or by federal law nor was she personally involved in any alleged violation.

More specifically, Plaintiffs' in sweeping fashion allege that the Defendant "acted with deliberate indifference or gross negligence in failing to supervise A.J, ignoring A.J.'s history and prior assaults" (¶33 of Plaintiffs' First Amended Complaint).  They do not offer any specific facts to support individual liability much less facts that rise to the level of "deliberate indifference".  Also "gross negligence" is not a 42. U.S.C. §1983 violation, but rather *at best* a M.G.L. c. 258 state law negligence claim. In similar conclusory manner, Plaintiffs' allege that they have been deprived of their rights to a) be free from intrusions into their bodily integrity and b) to receive a public education.  First, this is a situation where a third party is the alleged

---

[1] It is an undisputed fact that at the beginning of the 2014-2015 academic year, all parties involved were between the ages of four and five years old.

perpetrator.   Second, neither of the Plaintiffs' were deprived of their right to receive a public education.

### b.   Even If A Constitutional Violation Had Occurred, Gavins Would Be Entitled To Qualified Immunity

Defendant Gavins is entitled to qualified immunity. "Government officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages in so far as their conduct does not violate *clearly established* statutory or constitutional rights of which a reasonable person would have known.'"  Wilson v. Layne, 526 U.S. 603, 609 (1999) (*emphasis* added), *quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "The protection of qualified immunity applie[s] regardless of whether the government official's error is a mistake of law, mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 129 U.S. 808, 815 (2009) (*quoting* Groh v. Ramirez, 540 U.S. 551, 567 (2004)).  The doctrine of qualified immunity permits government officials to act freely "without fear of retributive suit for damages except when they should have understood that particular conduct was unlawful."  Limone v. Condon, 372 F.3d 39, 44 (1st Cir. 2004) (citations omitted). "The doctrine gives government officials breathing room to make reasonable but mistaken judgments about open legal questions.  Thus, qualified immunity protects "all but the plainly incompetent or those who knowingly violated the law."  MacDonald v. Eastham, 745 F.3d 8 (1st Cir. 2014) (*quoting* Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2085 (2011); Malley v. Briggs, 475 U.S. 335, 341 (1986)) (quotations omitted).

To determine whether an official violated clearly established rights of which a reasonable person would have known, three inquiries are made: 1) "whether the plaintiff's allegations, if true, establish a constitutional violation; 2) whether the constitutional right at issue was clearly

established at the time of the alleged violations; and 3) whether a reasonable [person] situated similarly would have understood the challenged act or omission to contravene the discerned constitutional right." Cox v. Hainey, 391 F.3d 25, 29-30 (1st Cir. 2004). It is not clear that Defendant Gavins violated a constitutional right, and even if she did, it is obvious that a reasonable person, in this case a Principal, similarly situated would not have understood their actions or inactions to constitute a constitutional violation. Indeed Defendant Gavins has an enormous responsibility as the leader of the Mission Hill School. However, disagreeing with her leadership style or second guessing her handling of a given situation does not equate to a constitutional violation.

Here, assuming *arguendo* that Plaintiff could establish that a constitutional violation had occurred, Gavins would nonetheless be entitled to qualified immunity because it was not clearly established that her conduct—either as a supervisor or as a direct participant in the conduct that caused Plaintiff's injuries—was unconstitutional.

### c.   **MCRA Claim Against Defendant Gavins Fails As A Matter Of Law**

To establish a claim under the MCRA (Count III of Plaintiffs' Amended Complaint), the Plaintiff must prove that his exercise or enjoyment of rights secured by the constitution or laws of either the United States or Massachusetts were interfered with, or attempted to be interfered with, by threats, intimidation, or coercion. Mass. Gen. Laws, ch. 12 §§ 11H and 11I. To succeed in an MCRA claim, a Plaintiff must show that the derogation of rights occurred "by threats, intimidation, or coercion." Bally v. Northwestern Univ., 403 Mass. 713, 715-16 (1989). There is absolutely no evidence to suggest that any of the Defendants ever threatened, intimidated or coerced either Plaintiff.

A "threat" is the "intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467 (1994). "Intimidation" is the act of putting a person in fear for the purpose of compelling or deterring his or her conduct. Id. "Coercion" is to apply physical or moral force to another to constrain him to do against his will something he would not otherwise do. Id. Accordingly, the MCRA contemplates a two-part sequence:   liability may be found where (1) the defendant threatens, intimidates, or coerces the plaintiff in order to (2) cause the plaintiff to give up something that he has the constitutional right to do. Id. at 128. The Supreme Judicial Court of Massachusetts ("SJC") has held that "[a] direct violation of a person's rights does not by itself involve threats, intimidation, or coercion and thus does not implicate the [MCRA]." Longval v. Commissioner of Corrections, et al., 404 Mass. 325, 330 (1989).  The SJC noted that if, in the context of a direct violation, the officials had "some further purpose in treating [the plaintiff] as they did, threats, intimidation, or coercion might be involved," but that "[c]onduct, even unlawful conduct  . . .  lacks these qualities when all it does is take someone's rights away directly." Id. In Planned Parenthood League, the Massachusetts SJC again considered whether a direct constitutional violation alone could satisfy the dual requirements of the MCRA and again, answered that question in the negative. Id. The SJC concluded that the defendants' blockade of abortion clinics by using bike locks to form human barriers to abortion services with the purpose of intimidating patients out of getting an abortion violated the MCRA because the "case involved more than simple direct action in denial of women seeking abortion services." Planned Parenthood League, 631 N.E. 2d at 990. Here, the Plaintiffs' Complaint is devoid of any facts that even come close to alleging an MCRA claim. Therefore, Count III of Plaintiffs' Complaint must be dismissed.

### d.  Loss of Consortium Under M.G.L. c. 231, §85X Fails As A Matter of Law

Finally, Count VI – Loss of Consortium – pursuant to M.G.L. c. 231, §85X a negligence based claim (¶59 Plaintiff's Amended Complaint).   This claim is legally deficient because Defendant Gavins is a public employee, therefore any claims in her official capacity would fall under M.G.L. c. 258, §1 and §2.  G. L. c. 258, the Massachusetts Tort Claims Act ("MTCA"), which bars any negligence claim against Defendant Gavins.

G. L. c. 258, § 2 provides in relevant part:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment…*and no such public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment*….

(*emphasis* added).  There is no dispute that Defendant Gavins is a "public employee" under G. L. c. 258, § 1. As a result, the City, as Defendant Gavin's public employer, is the sole entity answerable for any negligence claim—including any loss of consortium claim—asserted against Defendant Gavins.  She is therefore immune from liability for the loss of consortium claim under the MTCA.

Because Plaintiffs' negligence claims against Defendant Gavins are barred by the MTCA, and because Plaintiffs may not assert a loss of consortium claim that is separate and distinct from their negligence claim against the City, Count VI must be dismissed.

### V. CONCLUSION

**WHEREFORE**, based on the foregoing, the Defendant, Ayla Gavins respectfully requests that this Court dismiss the Plaintiff's claims against her with prejudice.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, a copy of this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.


8/24/18      /s/ Erika P. Reis
Date            Erika P. Reis

Respectfully submitted,
DEFENDANT, AYLA GAVINS

Eugene L. O'Flaherty,
Corporation Counsel

By her attorney,


/s/ Erika P. Reis_____
Erika P. Reis, BBO # 669930
Senior Assistant Corporation Counsel
City of Boston Law Department
One City Hall Plaza, Room 615
Boston, MA 02201
(617) 635-4031
Erika.Reis@boston.gov


**7.1 Certification**

        Undersigned counsel certifies that on August 24, 2018 pursuant to LR, D. Mass. 7.1(a)(2), counsel for the Defendant, Ayla Gavins, Erika P. Reis, spoke to counsel for the Plaintiffs'.  Parties are unable to resolve or narrow the issues.




Date:   8/24/18              /s/ Erika P. Reis_____
                             Erika P. Reis