## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 1:17-cv-11653-ADB

**John Doe1 and Jane Doe1 on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R.**

       **Plaintiffs,**

       **V.**

**City of Boston and Boston Public Schools[1]**

       **Defendants.**

## DEFENDANT CITY OF BOSTON'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

## INTRODUCTION

This Paragraph is introductory in nature and therefore does not need a response.  To the extent a response is required, the Defendant denies any wrongdoing.

## PARTIES AND JURISDICTION

1. The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. The Defendant admits the allegations set forth in Paragraph 3 of the Complaint.

4. The Defendant states that the Boston Public Schools is a department within the City of Boston. The Defendant admits the allegations set forth in Paragraph 4 of the Complaint.

---

[1] The Boston Public Schools is a department of the City of Boston.  It is not a separate and distinct legal entity.

5.  The Defendant admits the allegations set forth in Paragraph 5 of the Complaint[2].

6.  The Defendant admits the allegations set forth in Paragraph 6 of the Complaint[3].

7.  The Defendant admits the allegations set forth in Paragraph 6 of the Complaint[4].

## FACTS

8.  The Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9.  Paragraph 9 of the Complaint refers to individual municipal defendants that are no longer parties to this case.  To the extent a response is required the Defendant admits that its municipal employees were acting within the scope of her employment during the relevant time period.

10. Paragraph 10 of the Complaint refers to individual defendants that are no longer parties to this case.  To the extent a response is required the Defendant admits that some of its municipal employees had the final authority to formulate policy in their areas of responsibility.

11. The Defendant states that the Mission Hill School is a Boston Public Schools Pilot School.

12. The Defendant admits the allegations set forth in Paragraph 12 of the Complaint.

13. The Defendant admits the allegations set forth in Paragraph 13 of the Complaint.

14. The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint[5].

15. The Defendant denies the allegations set forth in Paragraph 15 of the Complaint.

16. The Defendant admits that a 51A was filed as a result of an alleged incident between A.D. and B.G.  The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 16 of the Complaint.

17. The Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. The Defendant denies the allegations set forth in Paragraph 18 of the Complaint

---

[2] Thomas Chang, Ed.D. is no longer a defendant in this action by Order of the Court dated March 1, 2019.
[3] Mayor Martin Walsh is no longer a defendant in this action by Order of the Court dated March 1, 2019.
[4] Ayla Gavins is no longer a defendant in this action by Order of the Court dated March 1, 2019.
[5] The third students initials are A.D. not A.J.

19. The Defendant denies the allegations set forth in Paragraph 19 of the Complaint.

20. The Defendant admits that there was an incident between two students – A.D. and B.G. during the 2014-2015 academic year, which was reported to Mission Hill staff and subsequently reported to the Department of Children and Families.  The Defendant denies the remaining allegations set forth in Paragraph 20 of the Complaint.

21. The Defendant admits that A.D. was removed from his regular classroom as a result of incident between A.D. and B.G.  The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 21 of the Complaint.  To the extent a response is required, the Defendant denies these allegations.

22. Paragraph 22 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required the Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. The Defendant admits that it discussed multiple safety options with A.R.'s parents.  The Defendant denies the remaining allegations set forth in Paragraph 23 of the Complaint.

24. The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. The Defendant admits that during the 2016-2017 academic year A.R.'s parents brought an incident to the schools attention.  The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint. To the extent a response is required, the Defendant denies these allegations.

26. The Defendant does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Paragraph 30 the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Paragraph 31 of the Complaint refers to individual defendants that are no longer parties to this case, therefore no response is required. To the extent a response is required the Defendant denies these allegations.

**COUNT I**
**(Violation of 42 U.S.C. §1983)**
**(Against Gavins)**

32. The Defendant repeats and re-alleges Paragraph 1 through 31 as if fully stated herein.

33. Count I of the Complaint has been dismissed, therefore no response is required.

34. Count I of the Complaint has been dismissed, therefore no response is required.

35. Count I of the Complaint has been dismissed, therefore no response is required.

36. Count I of the Complaint has been dismissed, therefore no response is required.

**COUNT II**
**(Violation of 42 U.S.C. §1983)**
**(Against the City of Boston and the Boston Public Schools)**

37. The Defendant repeats and re-alleges Paragraph 1 through 36 as if fully stated herein.

38. Paragraph 38 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Paragraph 39 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Paragraph 40 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. The Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. Paragraph 43 Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

## COUNT III
### (Violation of Massachusetts Civil Rights Act)
### (Against Gavins in Her Individual Capacity)

45. The Defendant repeats and re-alleges Paragraph 1 through 44 as if fully stated herein.

46. Count III of the Complaint has been dismissed therefore no response is required.

47. Count III of the Complaint has been dismissed therefore no response is required.

## COUNT IV
### (Violation of Title IX, 20 U.S.C. §1681)
### (Against City of Boston and Boston Public Schools)

48. The Defendant repeats and re-alleges Paragraph 1 through 47 as if fully stated herein.

49. Paragraph 49 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

## COUNT V
### (Negligence)
### (By A.R. Against City of Boston and Boston Public Schools)

52. The Defendant repeats and re-alleges Paragraph 1 through 51 as if fully stated herein.

53. Paragraph 53 of the Complaint calls for legal conclusions to which no response is required. To the extent a response is required the Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Paragraph 54 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required the Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. The Defendant admits it received a letter purporting to be presentment pursuant to M.G.L. c. 258, §4 on or about June 16, 2017.

56. Paragraph 56 of the Complaint calls for legal conclusions to which no response is required.  To the extent a response is required the Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

**COUNT VI**
**(Loss of Consortium)**
**(By Mr. Doe2 and Ms. Doe2 Against Gavins, Walsh and Chang)**

57.  The Defendant repeats and re-alleges Paragraph 1 through 56 as if fully stated herein.

58.  Count VI of the Complaint has been dismissed, therefore no response is required.

59. Count VI of the Complaint has been dismissed, therefore no response is required.

60. Count VI of the Complaint has been dismissed, therefore no response is required.

**AFFIRMATIVE DEFESNSES**

**FIRST AFFIRMATIVE DEFENSE**

The Plaintiffs' complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's injuries and/or damages, if any, were proximately caused by their own negligent or intentional conduct and/or by the negligent or intentional conduct of others, and not by the conduct of the City.

**THIRD AFFIRMATIVE DEFENSE**

At all times relevant hereto, the Defendant, City of Boston, and/or its employees have acted reasonably, within the scope of their official discretion, in good faith, and with an

objectively reasonable belief that their actions were lawful and in compliance with the laws and Constitutions of the Commonwealth of Massachusetts and the United States of America.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred pursuant to Mass. Gen. Laws c. 258, §10(j), because the City was not the original cause of Plaintiff's alleged injuries.

## FIFTH AFFIRMATIVE DEFENSE

The City's acts and conduct were performed according to, and protected by, law and/or legal process and, therefore, the Plaintiff cannot recover.

## SIXTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit as it and/or its employees were engaging in discretionary functions pursuant to Mass. Gen. Laws c. 258, § 10(b).

## SEVENTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit as it and/or its employees were engaging in discretionary functions pursuant to Mass. Gen. Laws c. 258, § 10(c).

## EIGHTH AFFIRMATIVE DEFENSE

The Defendant is immune from suit as it and/or its employees were engaging in discretionary functions pursuant to Mass. Gen. Laws c. 258, § 10(h).

## NINTH AFFIRMATIVE DEFENSE

None of the City's acts or omissions were a proximate cause of injuries or damages, if any, allegedly sustained by the Plaintiffs', nor were these alleged injuries or damages caused by any person or entity within the City's responsibility or control.

## TENTTH AFFIRMATIVE DEFENSE

Plaintiffs' have not been deprived of any rights secured by either the Constitution, the laws of the United States or of the Commonwealth of Massachusetts.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant, and/or its employees were justified in their acts or conduct and therefore the Plaintiffs cannot recover.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the acts of a third party.

## THIRTEENTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Amended Complaint were the result of supervening and intervening causes unrelated to any acts of the City.

## FOURTEENTH AFFIRMATIVE DEFENSE

The City is entitled to judgment for costs pursuant to Mass. Gen. Laws c. 258, § 11.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is unable to show that the City or its employees, agents and/or servants acted negligently on the date, time and location of the alleged incident and/or caused the incident set forth in Plaintiff's Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

Any injury or deprivation suffered by the Plaintiff was caused in whole or in part by the actions of a person or persons over whom the Defendant, City of Boston, had no control and for whom the Defendant, City of Boston, is not responsible and/or was acting outside the scope of his employment.

## SEVENTEETH AFFIRMATVIE DEFENSE

The actions of the Defendant, City of Boston, and/or its employees are entitled to and protected by qualified and/or absolute immunity.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Defendant, City of Boston, and/or its employees were justified in their acts or conduct and therefore the Plaintiff cannot recover.

## NINETEENTH AFFIRMATIVE DEFENSE

The Defendant was not deliberately indifferent towards the Plaintiff nor did it deprive the Plaintiffs' of any educational opportunities.

**TWENTIETH AFFIRMATIVE DEFSENSE**

The Complaint fails because the Defendant did not maintain an unconstitutional municipal policy.

**TWENTY FIRST AFFIRMATVIE DEFENSE**

The Defendant reserves the right to raise additional affirmative defenses as additional information becomes available through discovery.

**DEMAND FOR JURY TRIAL**

The Defendant hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT, CITY OF BOSTON,

by its attorney:

Eugene L. O'Flaherty
Corporation Counsel

/s/ Erika P. Reis
Erika P. Reis (BBO# 669930)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031 (Reis)
Erika.Reis@boston.gov

**CERTIFICATE OF SERVICE**

I, Erika P. Reis, hereby certify that I served a true copy of the above document all parties of record via this court's electronic filing system and upon those non-registered participants via first class mail.

March 19, 2019                                    /s/ Erika P. Reis

9