UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-CV-11653-ADB

|  |  |
|---|---|
| JOHN DOE1 and JANE DOE1, on behalf of their minor child B.G., and JOHN DOE2 AND JANE DOE2, on behalf of their minor minor child, A.R., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BOSTON, BOSTON PUBLIC SCHOOLS, TOMMY CHANG, as Superintendent of Boston Public Schools, MARTIN J. WALSH, as Mayor of Boston, and AYLA GAVINS, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' MEMORDAUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANT THE GUILD FOR HUMAN SERVICES, INC.**

Pursuant to Federal Rules of Civil procedure, Rule 37(a), the plaintiffs, John Doe1 and Jane Doe1, on behalf of their minor child B.G., and John Doe2 and Jane Doe2, on behalf of their minor child A.R. (collectively "Plaintiffs"), move to compel discovery responses from City of Boston ("City") and the Boston Public Schools ("BPS") (collectively "Defendants") related to A.J. including but not limited to his entire student record, clinical notes, all incident reports, staff emails and correspondence relating to allegations of him sexually assaulting B.G., A.R., and any other student at the Mission Hill School ("Mission Hill") . These materials are necessary to determine the Defendants' negligence in this case and whether they were aware of the likelihood

1

that A.J. had a known history of sexually aggressive behavior and failed to take proper precautions to ensure B.G. and A.R. were safe at school. Additionally, the Plaintiffs seek to compel Defendants to produce all documents that are responsive to Plaintiffs' document requests because the Defendants' continued failure to provide an adequate privilege log in accordance with Federal Rules of Civil Procedure 26(b)(5)(ii) and the swiftly approaching fact discovery deadline of September 30, 2020, should result in a waiver of any privileges or protections that were asserted and immediate production of the materials. The Plaintiffs also seek to compel the Defendants to revise redactions in the documents produced to allow for differentiation between the redacted names of third party victims. Furthermore, the Plaintiffs seek training records and staff assignments for those staff members who witnessed or reported the incidents alleged in the complaint as well as any documents or correspondence related to staff filing 51A reports related to the incidents alleged in the complaint or any documents relating to disciplinary actions taken or considered against staff arising out of these incidents.

## INTRODUCTION

The Plaintiffs' claims arise within the context of sexual and physical assaults perpetrated by a minor student on his peers at the Mission Hill School ("Mission Hill"), which assaults spanned at least three (3) school years. The First Amended Complaint ("FAC") alleges that A.J., the minor student perpetrator, assaulted and sexually assaulted approximately eight minor students on various occasions, including the two minor student plaintiffs, A.R. and B.G. See Ex. 1. These assaults ranged from forcible kissing to forcing other students to expose their genitals to digital penetration, and the FAC further details the timeframe and circumstances of these assaults. Id. The Plaintiffs further allege that the assaults were reported to Mission Hill staff, including principal Ayla Gavins, and, in some instances, were witnessed by Mission Hill staff.

2

In another instance, namely, A.J.'s digital penetration of B.G., Mission Hill staff filed a Section 51A report, demonstrating Defendants' actual awareness of the existence, nature, and severity of the assaults. Principal Gavins, however, discouraged staff from filing 51A reports relating to the assaults, and one teacher was purportedly fired in retaliation for filing such a report. Id.

The Plaintiffs allege that the Defendants failed to properly train staff on the filing of 51A reports, and further, that the Defendants maintained a practice and procedure of discouraging and delaying the filing of 51A reports about the sexual assaults perpetrated by A.J. and other students. Id. As a result of the Defendants' actions and inactions in preventing and addressing the assaults, including but not limited to, assigning an aide to A.J., removing him from the classes in which B.G. and A.R. attended, warning staff about the assaults, drafting a safety plan for A.R., and responding to parents' requests for information, A.R. and B.G. suffered serious physical and emotional injuries. Id.

Plaintiffs served their First Request for Production of Documents (Ex. 2) and First Set of Interrogatories (Ex. 3) on January 17, 2020. Defendants responded to the Requests for Production of Documents (Ex. 4) on April 14, 2020. In their response, the Defendants refused to provide any of the requested records related to A.J. See Ex. 4. Instead, Defendants provided objections on the grounds that such information was "not proportional to the facts and/or claims of this case, and therefore beyond the scope of Federal Rules of Civil procedure 26(b)(1)". Id. Specifically, this objection accompanied a refusal to provide documentation related to A.J. for Requests 13, 28, 30, 33, and 35. Id. In an effort to move forward with discovery Plaintiffs engaged in teleconferences with Defense counsel where these objections were again stated and the Defendants renewed their refusal to provide any records relating to A.J. and his history of sexual violence or the specified staff records.

On May 6, 2020 a status conference was held and this Court set a firm discovery deadly of September 30, 2020.  During that hearing Plaintiffs' counsel raised the issue of Defendants' refusal to provide A.J.'s and other records and the intention to file a motion to compel.  The Court agreed to hear a motion to compel after a privilege log had been produced identifying the records withheld by the Defendants.  On June 8, 2020, Defendants provided a Supplemental Response to Request for Production of Documents ("First Supplemental RRPD") that included a patently inadequate Privilege Log and a series of heavily redacted documents.  See Ex. 5.  The Privilege Log failed to describe the nature of the documents, communications, or tangible things not produced or disclosed in a manner that would enable the Court to assess the validity of any claims for privilege.  Id.  Additionally, the documents provided in the First Supplemental RRPD redacted the names of third party victims of A.J., but the redactions prevent differentiation between the victims.

## ARGUMENT

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  With the standard, the Rules require open and far-reaching discovery to include "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Federal Rules of Civil Procedure 26(b)(1).  In fact, the Rules only exempt information from discovery where the Court determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of

the proposed discovery outweighs its likely benefit." Federal Rules of Civil Procedure 26(b)(2)(c).

The actions and inactions of the Defendants related to A.J.'s history of sexual assault are critical to the Plaintiffs' claims. The Plaintiffs' 42 USC § 1983 claims allege a violation of B.G.'s and A.R.'s right to be free from intrusion into their bodily integrity based on theory of state-created danger. Central to this claim is the allegation that the Defendants' actions and inactions proximately caused the injuries and also that these actions shock the conscience. See Doe v. Town of Wayland, 179 F. Supp. 3d 155, 165 (D. Mass. 2016). Under this premise the Plaintiffs' First Amended Complaint Alleges the following: before A.J. sexually assaulted B.G. the school staff knew that A.J. had previously sexually assaulted two other students at the school and took no action to ensure A.J. would not sexually assault other students; on or about October 2014, A.J. sexually assaulted B.G.; during the 2014-2015 school year, in addition to B.G. A.J. sexually assaulted four other female students and one male students, and these assaults were reported to school staff including Principal Gavins; during the 2015-2016 school year school staff observed A.J. sexually assault A.R. and threaten A.R. with physical violence, and this was reported to school staff; in September 2016, school staff observed A.J. forcibly kissing and groping A.R.; in September 2016 a teacher witnessed A.J. sexually assault another student and reported the incident to Principal Gavins. See Ex. 1. In addition to these allegations, Plaintiffs have further alleged that after a 51A Report of Child Abuse was filed, Principal Gavins actively discouraged staff from filing such reports and fired a teacher in retaliation. Id. By enforcing a practice of discouraging and delaying the filing of reports related to A.J.'s known sexual assaults Plaintiffs allege that the Defendants left B.G. and A.R. vulnerable for ongoing assaults. Id.

The Defendants have not argued that the requested discovery is privileged and instead refuse to provide the materials based on the assertion that the requests are "not proportional to the facts and/or claims in this case." See Ex. 4.  However, documents related to A.J.'s assaults on students at Mission Hill are proportional and essential to the Plaintiffs' claim.  The Plaintiffs' requests seek relevant and necessary documentation maintained solely by the Defendants related to A.J.'s history of sexual assaults and the staff's knowledge of that history.  These materials are at the heart of both the facts and claims in this case.  The Federal Rules only exempt relevant discovery where it is cumulative, duplicative, or could be obtained from a more convenient, less burdensome or expensive source.  See Federal Rules of Civil Procedure 26(b)(2)(c).  The documents sought by the Plaintiffs are materials maintained solely by the Defendants, there is no alternative source for this discovery and such materials are neither cumulative nor duplicative in this case.

Additionally, any argument that the Family Educational Rights and Privacy Act (FERPA) prohibits the release of student records without consent ignores the exception to that rule which allows for schools to release records in compliance with a lawfully issued subpoena or court order.  See 34 CFR §99.31(a)(9)(ii).  FERPA is not a law that absolutely prohibits the disclosure of educational records, rather it is a provision which imposes a financial penalty for the unauthorized disclosure of educational records.  See Ellis v. Cleveland Mun. Sch. Dist., 309 F. Supp. 2d 1019, 1023 (2004); citing Bauer v. Kincaid, 759 F. Supp. 575, 589 (1991).  Therefore, upon the issuance of the order requested here, the Defendants must simply notify A.J. and then the records can be released as part of discovery.  Similarly, Massachusetts State regulations allow for a corresponding exception authorizing the release of student records pursuant to a

judicial order or lawfully issued subpoena provided that the school make an effort to notify the parent of the student in advance of compliance. See CMR §23.07(4)(b).

Most commonly third parties are granted access to student records in the context of administrative hearings before the Board of Special Education Appeals ("BSEA"). BSEA Hearing Officers routinely allow parents' attorneys access to the Individual Education Plans ("IEP") of peers. As one hearing officer has stated, district arguments based on relevance and privacy "are revisited frequently in BSEA matters and have spawned a long line of consistent decisions." *Beverly Pub. Sch.*, BSEA #1810763, 24 MSER 156, 2018 MSE LEXIS 24 at \*2 (Aug. 14, 2018). Hearing officers have repeatedly recognized that IEPs of proposed peers are "directly relevant" to parents' claims as to the inadequacy of a district's proposed program, *Beverly*, 2018 MSE LEXIS at \*3; *Mattapoisett Pub. Sch.*, BSEA #06-6153, 13 MSER 22, 2007 MSE LEXIS 4 at \*2-\*3 (Feb. 8, 2007). As the hearing officer in *Beverly* explained, because

> the information requested by the Parents goes to the heart of their assertion that the peer group in which [the district] proposes to educate the Student is inappropriate for him, the Parents' discovery requests are directly relevant to one of their primary claims. . . . Arguing educational incompatibility is a common, and important, element of many FAPE claims. The accepted peer IEPs sought by the Parents provide critical information known to the School, and not otherwise readily ascertainable by the Parents before hearing, about the level, materials and strategies of instruction, as well as student/adult presence, movement, behaviors and expectations.

2018 MSE LEXIS 24 at \*3-4. *See also, e.g., Touchstone Pub. Sch.*, BSEA #1507990, 21 MSER 137, 2015 MSE LEXIS 20 at \*2-\*4 (July 3, 2015).

Plaintiffs understand the interest in safeguarding the privacy of A.J. and are willing to agree to a confidentiality or protective order as necessary to guarantee that these records will be safeguarded and used only in the context of this litigation.

The Plaintiffs also ask that this Court issue an order compelling the Defendants to produce all documents which are responsive to the Plaintiffs' document requests and which have been withheld on the basis of any privilege or protection.  The failure to provide an adequate privilege log in accordance with the Federal Rules of Civil procedure 26(b)(5)(ii) is a waiver of the asserted privilege.  See Neelon v. Krueger, 67 F. Supp. 3d 467 at 472 (D. Mass. Dec. 19, 2014); citing Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C., 499 F. Supp.2d 475, 478-79 (S.D.N.Y., 2007); United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2nd Cir. 1996).

Where the Defendant seeks to withhold discovery on the basis of a perceived privilege the Federal Rules require that the withheld documents be identified in such a way that the opposing party can adequately asses the claim.  See FRCP 26(b)(5)(ii).  The Court has found that this rule requires the details in the privilege log to be "sufficient to judge whether the undisclosed documents satisfy each element required for protection."  Clark v. Edison, 2010 U.S. Dist. LEXIS 92859, *9, 2010 WL 3245428 (D. Mass. Aug. 16, 2010).   Additionally, the "failure to provide an adequate privilege log is grounds for rejecting a claim of… privilege."  Neelon v. Krueger, 67 F. Supp. 3d 467 at 472 (D. Mass. Dec. 19, 2014); citing Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C., 499 F. Supp.2d 475, 478-79 (S.D.N.Y., 2007); United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2nd Cir. 1996).  The Court has discretion to order the production of the withheld documents that were inadequately identified.

Here, the Defendant's privilege log wholly lacks the descriptive sufficiency required by the rule.  In many instances, the "Subject Matter" identified by the Defendants is simply the vague subject matter headline of the email such as "drop off and pick up", "fyi", or "Wednesday visit"; these completely lack sufficient detail about what the text of the email itself actually

contains and whether the alleged privilege is properly asserted. Ex. 5 at pg 5-6. In other instances, the Defendant failed to provide any subject matter description in the table at all. <u>See</u> Id. at pg 4 and 6. These descriptions are wholly inadequate and have prevented the Plaintiffs from accurately assessing the basis of the privilege. The plaintiffs' attorneys have repeatedly requested the Privilege Log be revised but no revision has been produced. Given the fast approaching discovery deadline in this case, and the length of time the Defendant has had to remedy the inadequacies in the privilege log, it is necessary for the Plaintiffs to request that the Court consider the privilege waived and order production of the requested documents.

Furthermore, the documents that were provided in the First Supplemental RRPD were redacted in such a way that they were rendered illegible and impossible to differentiate between the various third parties involved. A key component of the Plaintiffs' case is that the Defendants were aware that A.J. had been sexually assaulting numerous students at the school over a lengthy period of time. The documents provided in the First Supplemental RRPD indicate multiple incidents of sexual assault but the redactions prevent the Plaintiffs from discerning between the various identities of the third party victims. Without an identification system for the redacted victim names it is impossible to accurately know the number of A.J.s victims that the Defendants were aware of. On June 19, 2020 and thereafter Plaintiffs' counsel requested supplemental information from the Defendants regarding these redactions but to date have not received any. Specifically, Plaintiffs requested that the redaction of third party student names be done in such a way that the redacted names can be differentiated allowing for a clear picture of how many students had been sexually assaulted by A.J. On July 9, 2020 Plaintiffs' counsel again requested an update regarding the identification system for redactions and Defendants' counsel said that the revised redactions including an identification system would be forthcoming, but none has yet

been provided.  As we approach the discovery deadline in this case it is necessary for the Plaintiffs to have a clear understanding of these discovery documents, to that end a functional privilege log and redactions that allow for differentiation between third-party victims is necessary.

Plaintiffs have also seek training and disciplinary records and staff assignments for those staff members who witnessed or reported the incidents alleged in the complaint as well as any documents or correspondence related to staff filing 51A reports related to the incidents alleged in the complaint.  These materials were requested in Plaintiffs Requests for Production of Documents No. 20, 21, 22, 25, 32, and 33.  See Ex. 2.  The documents provided by Defendants do not include any of the requested staff training records, staff assignment documents, or any documents or communications relating to the 51A reports.  The Defendants have only objected to these requests on the grounds that they are "overly broad, vague, and unduly burdensome" and where applicable to the time frame of the request.  Exhibit 4.  These objections are cursory and the requested materials are relevant to the Plaintiffs' claims and should be produced.  As alleged in the Plaintiffs' first amended complaint, Principal Gavins actively stifled the efforts of staff members to report and document incidents of sexual assault between A.J. and the Plaintiffs.  See Ex. 1.  Furthermore, Principal Gavins punished a teacher who did draft a 51A report documenting these incidents, further stifling any efforts to end or prevent these sexual assaults.  These materials will tend to show that the Defendants were deliberately indifferent and to that end they carry significant relevance and should be produced as requested.

However, the Defendant has relathave not provided any of these documents and has given only cursory objections in their First Response to Requests for Production of Documents. Where the Defendant has objected to

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant the Plaintiffs motion to compel discovery of documents relating to A.J.s history of sexual violence at the Mission Hill School; order Defendants to produce all documents that are responsive to Plaintiffs' document requests because the Defendants' failure to provide an adequate privilege log in accordance with Federal Rules of Civil Procedure 26(b)(5)(ii) is a waiver of any privileges or protections that were asserted and provide a revised privilege log in accordance with FRCP 26(b)(5)(ii); order the Defendants to revise redactions to allow for differentiation between the redacted names of third party victims; and produce training and discipline records and staff assignments for those staff members who witnessed or reported the incidents alleged in the complaint as well as any documents or correspondence related to staff filing 51A reports related to the incidents alleged in the complaint.

        Plaintiffs,

        JOHN DOE1 and JANE DOE1, on behalf of their minor child, B.G., and JOHN DOE2 and JANE DOE2, on behalf of their minor child, A.R.,

        By their attorneys,

        /s/ *Daniel T.S. Heffernan*
        Daniel T.S. Heffernan, BBO# 550794
        Carl A. Misitano, BBO# 703725
        Kotin, Crabtree & Strong, LLP
        One Bowdoin Square
        Boston, MA 02114

p: (617) 227-7031  
f: (617) 367-2988  
dheffernan@kcslegal.com

Dated:  July 22, 2020

## CERTIFICATE OF SERVICE

 I hereby certify that on July 22, 2020, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

            /s/ *Daniel T.S. Heffernan*  
            Daniel T.S. Heffernan