UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:17-CV-11653-ADB

_____
                                    )
JOHN DOE1 and JANE DOE1, on behalf of )
their minor child B.G., and JOHN DOE2 )
AND JANE DOE2, on behalf of their minor )
minor child, A.R.,                  )
                                    )
                                    )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )
                                    )
CITY OF BOSTON, BOSTON PUBLIC       )
SCHOOLS, TOMMY CHANG, as            )
Superintendent of Boston Public Schools, )
MARTIN J. WALSH, as Mayor of Boston, )
and AYLA GAVINS,                    )
                                    )
            Defendants.             )
_____)

### SUBPOENA FOR PRODUCTION OF DOCUMENTS

TO:   Keeper of Records
      Department of Children and Families
      600 Washington Street
      Boston, MA 02111

Greetings:

You are hereby commanded, in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure, to produce for inspection copies of all documents requested in **Schedule A** to the offices of Kotin, Crabtree & Strong LLP, One Bowdoin Square, Boston, MA 02114, no later than 5:00 pm on **August 24, 2020.**

The following provisions of Fed. R. Civ. P 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

**Hereof fail not, as you will answer your default under the pains and penalties of law.**

*/S/ Daniel T.S. Heffernan*
Daniel T.S. Heffernan, BBO# 550794
Carl A. Misitano, BBO# 703725
KOTIN, CRABTREE & STRONG, LLP
One Bowdoin Square
Boston, MA 02114-2919
(617) 227-7031
(617) 367-2988 (fax)

Dated: July 23, 2020

**SCHEDULE A**

**DOCUMENTS[1] TO BE PRODUCED**

1. Copies of all signed and/or unsigned statements recorded by mechanical and/or electronic means made by any witnesses to any assault or inappropriate conduct by any student at the Mission Hill School involving ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

2. Copies of any and all signed and/or unsigned statements recorded by mechanical and/or electronic means made by you, your agents or employees, that relate directly or indirectly to any assault or inappropriate conduct by any student at the Mission Hill School involving ▮▮▮▮▮▮▮▮ or ▮▮▮▮▮▮ that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

3. Copies of any and all reports, including, but not limited to those pursuant to M.G.L. c. 119, § 51A, that relate directly or indirectly to any assault or inappropriate conduct by any student at the Mission Hill School involving ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

4. Any and all statements of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ or their parent(s)/guardian(s) concerning any assault or inappropriate conduct by any student at the Mission Hill School.

---

[1] For the purposes of this subpoena the term "document" or "record" includes any written, graphic, photographic, or sound-recorded information, notice or material, whether originals or copies. It includes, but is not limited to, all writings or other recorded or graphic matter, of any nature or kind whatsoever, including, without limitation, any correspondence letters, emails, cables, telegrams, or other communications, personal or office diaries, journals, travel records, ledgers, accounts, books, office or personal and/or type-written memoranda or notes, telephone records or logs or bills or memoranda, bank statements or other bank records, cancelled checks or check stubs, receipts, notes, notations, memoranda, file cards, tape recordings, tapes, computer input or output, photographs, charts, listings, schedules, graphs, forms, data, compilations, worksheets, invoices, bills, contracts, agreements, forms, memorials, information, plans specifications, periodicals, pamphlets, reports, records, studies, and any other written, recorded (sound or video), transcribed, punched, taped, filmed or graphic matter, however produced or reproduced. "Documents" also means all drafts and non-identical copies of any of the foregoing.

5. All documents provided to the Boston Police Department, Suffolk District Attorney, or any other state or local agency that refer or relate to ███████████████████.

6. All documents which refer or relate to ███████████████████, including any notes, emails, or recordings.

7. All documents which refer or relate to your investigation of any assault, neglect, or inappropriate conduct by any student at the Mission Hill School involving ███████████████████ that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

8. All documents which refer or relate to your investigation of any Boston Public Schools employee for failure to report any assault, neglect, or inappropriate conduct at the Mission Hill School involving ███████████████████ that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

9. All documents which refer or relate to the policies, procedures, and/or training of Boston Public School staff regarding the reporting of accidents, injuries, or incidents involving students, from January 2012 to present.

10. All documents which refer or relate to the inadequate supervision of students at the Mission Hill School, from January 2012 to present.

11. All documents which refer or relate to the Mission Hill School's assignment of staff to students, from January 2012 to present.

12. All documents which refer to or relate to any allegations that any Boston Public School employee at the Mission Hill School in any way neglected any Mission Hill School student other than ███████████████████, from January 2012 to present.

13. All documents which refer or relate to any allegation that any student at the Mission Hill School sexually assaulted a fellow student, from January 2012 to present.

14. Copies of any and all investigations by your agency into allegations of abuse or neglect of any students at the Mission Hill School from January 2012 to present.

15. All documents that refer or relate to ▮▮▮▮▮▮▮▮▮▮.

16. All documents which refer or relate to any allegation that ▮▮▮▮▮▮▮▮▮ assaulted ▮▮▮▮▮▮▮▮▮▮▮ at the Mission Hill School, from January 2012 to present.

17. All documents which refer or relate to any allegation that ▮▮▮▮▮▮▮▮▮ assaulted ▮▮▮▮▮▮▮▮▮▮▮▮, from January 2012 to present.

18. Copies of any and all signed and/or unsigned statements recorded by mechanical and/or electronic means made by you, your agents or employees, that relate directly or indirectly to any allegation that ▮▮▮▮▮▮▮▮ assaulted ▮▮▮▮▮▮▮▮▮▮▮▮▮, from January 2012 to present, that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

19. All documents which refer or relate to any allegation that ▮▮▮▮▮▮▮▮▮ assaulted any student at the Mission Hill School, from January 2012 to present.

20. All documents which refer or relate to your investigation into any allegation that ▮▮▮▮▮▮▮▮▮ sexually assaulted or had inappropriate contact with any student at the Mission Hill School from January 2012 to present that are in the possession, custody or control of you, your agents, insurer, or attorney or subject to your control.

# ATTACHMENT A

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

(c) Place of Compliance.
 (1) For a Trial, Hearing, or Deposition. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.
 (2) For Other Discovery. A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.
 (d) Protecting a Person Subject to a Subpoena; Enforcement.
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
 (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.
(e) Duties in Responding to a Subpoena.
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
(g) Contempt.
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of July 2020, I served a copy of the foregoing on counsel for defendants Erika Reis, Senior Assistant Corporate Counsel, City of Boston Law Department, 1 City Hall Square Room 615, Boston, MA 02201 via first class mail and email.

      _/S/ Daniel T.S. Heffernan_____
      Daniel T. S. Heffernan